| Fill in this information to identify the case |
|---|

United States Bankruptcy Court for the:

_____  District of   Delaware
                              (State)

Case number (*If known*): _____    Chapter    11

☐  Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

**1. Debtor's name**    Claire's Stores, Inc.

**2. All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

See Schedule 1

**3. Debtor's federal Employer Identification Number (EIN)**    59-0940416

**4. Debtor's address**

| Principal place of business | | | Mailing address, if different from principal place of business | | |
|---|---|---|---|---|---|
| 2400 | West Central Road | | | | |
| Number | Street | | Number | Street | |
| | | | P.O. Box | | |
| Hoffman Estates | Illinois | 60192 | | | |
| City | State | ZIP Code | City | State | ZIP Code |

Location of principal assets, if different from principal place of business

| Cook County | | | | | |
|---|---|---|---|---|---|
| County | | | Number | Street | |
| | | | City | State | ZIP Code |

**5. Debtor's website** (URL)    www.clairestores.com

**6. Type of debtor**
☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax- entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**4539 - Other Miscellaneous Store Retailers**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement  of operations, cash-flow statement, and federal income tax return or if all of these  documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the  Securities and Exchange Commission according to § 13 or 15(d) of the Securities  Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing  for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule  12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes

| District _____ | When _____ | Case number _____ |
| | MM/ DD/ YYYY | |
| District _____ | When _____ | Case number _____ |
| | MM/ DD/ YYYY | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes

| Debtor    See attached Schedule 2 | Relationship _____ |
| District    District of Delaware | When    March 19, 2018 |
| Case number, if known _____ | MM / DD / YYYY |

WEIL:\96449009\9\36182.0003

**11. Why is the case filed in this district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number          Street

_____

City                          State          ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact Name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

WEIL:\96449009\9\36182.0003

| Request for Relief, Declaration, and Signatures |
|---|

**WARNING** — Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this  petition.

■ I have been authorized to file this petition on behalf of the debtor.

■ I have examined the information in this petition and have a reasonable belief that the information is true and  correct to the best of my information and belief.

I declare under penalty of perjury that the foregoing is true and correct to my knowledge, information, and belief.

Executed on    March 19, 2018
            MM/ DD /YYYY

✗  /s/ Scott E. Huckins              Scott E. Huckins
    Signature of authorized representative of        Printed name
    debtor

    Executive Vice President and Chief Financial Officer
    Title

**18. Signature of attorney**

✗  /s/ Daniel J. DeFranceschi     Date     March 19, 2018
    Signature of attorney for debtor             MM / DD / YYYY

    Daniel J. DeFranceschi             Ray C. Schrock, P.C.
    Printed Name

    Richards, Layton & Finger, P.A.        Weil, Gotshal & Manges LLP
    Firm Name

    One Rodney Square, 920 North King Street      767 Fifth Avenue
    Number        Street

    Wilmington, Delaware 19801         New York, New York 10153
    City/State/Zip

    (302) 651-7700               (212) 310-8000
    Contact phone

    defranceschi@rlf.com           ray.schrock@weil.com
    Contact email address

    2732         Delaware
    Bar Number     State

WEIL:\96449009\9\36182.0003

## Schedule 1

| All Other names Debtor used in the last 8 years |
| --- |
| Afterthoughts |
| Claire's |
| Claire's Accessories |
| Claire's Boutiques |
| Claire's Club |
| Claire's Outlet |
| Claire's Etc. |
| Icing |
| Icing by Claire's |
| Icing Ice |
| Icing Outlet |
| The Icing |

## Schedule 2

Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**"). A motion will be filed with the Court requesting that the chapter 11 cases of the entities listed below be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of **Claire's Stores, Inc.**

| COMPANY | CASE NUMBER | DATE FILED | DISTRICT |
|---|---|---|---|
| Claire's Inc. | 18-_____(  ) | March 19, 2018 | Delaware |
| Claire's Stores, Inc. | 18-_____(  ) | March 19, 2018 | Delaware |
| Claire's Puerto Rico Corp. | 18-_____(  ) | March 19, 2018 | Delaware |
| CBI Distributing Corp. | 18-_____(  ) | March 19, 2018 | Delaware |
| Claire's Boutiques, Inc. | 18-_____(  ) | March 19, 2018 | Delaware |
| Claire's Canada Corp. | 18-_____(  ) | March 19, 2018 | Delaware |
| BMS Distributing Corp. | 18-_____(  ) | March 19, 2018 | Delaware |
| CSI Canada LLC | 18-_____(  ) | March 19, 2018 | Delaware |

# CLAIRE'S, INC. AND CLAIRE'S STORES, INC.

## CERTIFICATE OF CORPORATE SECRETARY

March 18, 2018

I, Stephen E. Sernett, being a duly elected and authorized officer of each of the following (each a "**Company**" and, collectively, the "**Companies**"):

A.  Claire's Inc., a Delaware corporation; and

B.  Claire's Stores, Inc., a Florida corporation

hereby certify as follows:

A.  I am a duly qualified and elected officer of each of the Companies and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Companies;

B.  Attached hereto is a true, correct, and complete copy of the joint resolutions of the boards of directors of Claire's Inc. and Claire's Stores, Inc., duly adopted and approved on March 18, 2018, in accordance with each Company's corporate organizational documents; and

C.  Such resolutions have not been amended, altered, annulled, rescinded, modified or revoked since their adoption and remain in full force and effect as of the date hereof. There exist no subsequent resolutions relating to the matter set forth in the resolutions attached hereto.

**IN WITNESS WHEREOF**, the undersigned has executed this certificate as of the 18th day of March, 2018.

/s/ Stephen E. Sernett
_____
Name: Stephen E. Sernett
Title:  Senior Vice President and General
Counsel

## JOINT RESOLUTIONS OF THE BOARD OF DIRECTORS OF
## CLAIRE'S INC. AND CLAIRE'S STORES, INC.

Effective as of this 18th day of March, 2018, pursuant to a joint special meeting of the boards of directors (each, a "**Board of Directors**" and collectively, the "**Boards of Directors**") of Claire's Inc. ("**Claire's Parent**"), a Delaware corporation, and Claire's Stores, Inc. ("**Claire's**"), a Florida corporation (collectively, the "**Company**"), on the same date, at which a quorum was present, upon a motion duly made and seconded and acting pursuant to the Company's organizational documents, the members of the Boards of Directors constituting at least a majority of the directors then in office took the following actions and adopted the following resolutions:

**WHEREAS**, the Boards of Directors have reviewed and have had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of the Company regarding the liabilities and liquidity of the Company and its subsidiaries, the strategic alternatives available to it and the impact of the foregoing on the Company's businesses;

**WHEREAS**, the Boards of Directors have had the opportunity to consult with the management and the legal and financial advisors of the Company to fully consider, and have considered, the strategic alternatives available to the Company; and

**WHEREAS**, the Boards of Directors desire to approve the following resolutions.

### Commencement of Chapter 11 Cases

**NOW, THEREFORE, BE IT RESOLVED**, that the Boards of Directors have determined, after consultation with the management and the legal and financial advisors of the Company, that it is desirable and in the best interests of the Company, its shareholders, creditors, and other parties in interest that petitions be filed with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and be it further

**RESOLVED**, that any officer of the Company (each, an "**Authorized Person**"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, to negotiate, execute, deliver, and file with the Bankruptcy Court, in the name and on behalf of the Company, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders and other documents (collectively, the "**Chapter 11 Filings**") (with such changes therein and additions thereto as any such Authorized Person may deem necessary, appropriate or advisable, the execution and delivery of any of the Chapter 11 Filings by any such Authorized Person with any changes thereto to be conclusive evidence that any such Authorized Person deemed such changes to meet such standard); and be it further

**RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name

and on behalf of the Company, to take and perform any and all further acts and deeds that such Authorized Person deems necessary, appropriate, or desirable in connection with the Company's chapter 11 cases (the "**Chapter 11 Cases**") or the Chapter 11 Filings, including, without limitation, (i) the payment of fees, expenses and taxes such Authorized Person deems necessary, appropriate, or desirable, and (ii) negotiating, executing, delivering, performing and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Cases with a view to the successful prosecution of the Chapter 11 Cases (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

### Commencement of Chapter 11 Cases of Subsidiaries

**RESOLVED**, that the Boards of Directors have determined, after consultation with the management and the legal and financial advisors of the Company, that, in connection with the Chapter 11 Cases, it is desirable and in the best interests of the Company for certain of its controlled subsidiaries (collectively, the "**Subsidiaries**") to file a petition seeking relief under the provisions of the Bankruptcy Code (collectively, the "**Subsidiary Chapter 11 Cases**") and to negotiate, execute, deliver, and file with the Bankruptcy Court all plans, petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders and other documents (the "**Subsidiary Chapter 11 Filings**") in the Bankruptcy Court; and be it further

### Debtor-in-Possession Financing

**RESOLVED**, the Board of Directors of Claire's, the DIP Borrower under the DIP Credit Agreements (as defined in Exhibit I hereto), does hereby adopt and resolve to adopt the resolutions attached hereto as Exhibit I by the DIP Borrower, and the Board of Directors of Claire's Parent, a DIP Guarantor under the DIP Credit Agreements (as defined in Exhibit I hereto), as applicable, does hereby adopt the resolutions attached hereto as Exhibit II by such DIP Guarantor; and be it further

**RESOLVED**, that all capital terms used in the resolutions attached hereto as Exhibit I and Exhibit II and not otherwise defined herein shall have the meanings ascribed to such terms in the DIP Credit Agreements (as defined in Exhibit I hereto), as applicable; and be it further

### Retention of Advisors

**RESOLVED**, that, in connection with the Chapter 11 Cases, any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, on behalf of the Company and its Subsidiaries, that such Authorized Person deems necessary, appropriate or advisable in connection with, or in furtherance of, the Chapter 11 Cases, with a view to the successful prosecution of the Chapter 11 Cases (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

**RESOLVED**, that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, New York 10153, is hereby retained as counsel for the Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the law firm of Richards, Layton & Finger, P.A., located at One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, is hereby retained as local counsel for the Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of FTI Consulting, located at 227 West Monroe Street, Suite 900, Chicago, Illinois 60606, is hereby retained as financial advisor for the Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Lazard Frères & Co. LLC, located at 300 North LaSalle Street, Chicago, Illinois 60654, is hereby retained as investment banker for the Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Prime Clerk LLC, located at 830 Third Avenue, 9th Floor, New York, New York 10022, is hereby retained as claims, noticing and solicitation agent and administrative advisor for the Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts and deeds, including, without limitation, (i) the payment of any consideration, (ii) the payment of fees, expenses and taxes such Authorized Person deems necessary, appropriate, or desirable, and (iii) negotiating, executing, delivering, performing, and filing any and all documents, motions, pleadings, applications, declarations, affidavits, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with the engagement of professionals contemplated by the foregoing resolutions (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

**General**

**RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts or deeds, including, but not limited to, (i) the negotiation of such additional agreements, amendments, modifications, supplements, reports, documents, instruments, applications, notes or certificates not now known but which may be required, (ii) the execution, delivery and filing (if applicable) of any of the foregoing, and (iii) the payment of all fees, consent payments, taxes and other expenses as any such Authorized Person, in his or her sole discretion, may approve or deem necessary, appropriate or desirable in order to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such actions, executions, deliveries, filings and payments to be conclusive evidence of such approval or that such

Authorized Person deemed the same to meet such standard; and be it further

 **RESOLVED**, that any and all past actions heretofore taken by any Authorized Person, any director, or any member of the Company in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects.

*  *  *  *  *

## EXHIBIT I

## DIP BORROWER RESOLUTIONS

March 18, 2018

WHEREAS, Claire's Stores, Inc., a Florida corporation (the "DIP Borrower") desires to enter into , deliver and perform its obligations under that certain Senior Secured and Superpriority Debtor-In-Possession Credit Agreement, dated on or around March 21, 2018 (as may be amended, restated, amended and restated, supplemented and/or otherwise modified from time to time, the "DIP Credit Agreement"), by and among the DIP Borrower, as borrower, Claire's Inc., a Delaware corporation ("Claire's"), BMS Distributing Corp., a Delaware corporation ("BMS"), CBI Distributing Corp., a Delaware corporation ("CBI"), Claire's Boutiques, Inc., a Colorado corporation ("Claire's Boutiques"), Claire's Canada Corp., a Delaware corporation ("Claire's Canada"), Claire's Puerto Rico Corp. a Delaware corporation ("Claire's Puerto Rico") and CSI Canada LLC, a Delaware limited liability company ("CSI Canada" and together with Claire's, BMS, CBI, Claire's Boutiques, Claire's Canada and Claire's Puerto Rico, the "DIP Guarantors," and together with the DIP Borrower, individually a "Company" and collectively the "Companies"), as guarantors, the lenders from time to time party thereto (the "DIP Lenders"), and Citibank, N.A., as administrative agent for the DIP Lenders (the "DIP Agent"), pursuant to which (i) an asset-based revolving credit facility in an aggregate principal amount at any time outstanding of up to $75,000,000 (the "DIP ABL Revolving Commitments"), of which, up to $10,000,000 of the DIP ABL Revolving Commitments available for the issuance of standby letters of credit and (ii) after the proceeds of loans made pursuant to the DIP ABL Revolving Commitments are used to refinance and/or repay in full all outstanding loans and other Obligations under that certain ABL Credit Agreement, dated as of August 12, 2016 (as amended, restated, amended and restated, supplemented and or otherwise modified prior to the date of the DIP Credit Agreement, the "Existing ABL"), by and among, the DIP Borrower, the DIP Guarantors, the lenders from time to time party thereto, and Credit Suisse AG as administrative agent for such lenders, a "last-out" term loan facility in an aggregate principal amount of $60,000,000, will be made available to the DIP Borrower on the terms and conditions set forth in the DIP Credit Agreement;

WHEREAS, severally pursuant to (i) the entry by the applicable bankruptcy court of the Interim Order (and subsequently confirmed by the Final Order) and (ii) that certain Security and Guaranty Agreement, dated on or around March 21, 2018 (as may be amended, restated, amended and restated, supplemented and/or otherwise modified from time to time, the "DIP Security and Guaranty Agreement"), by and among, the Companies and the DIP Agent, the DIP Borrower and the DIP Guarantors shall grant the DIP Agent for the benefit of the DIP Lenders a legal, valid, continuing and enforceable security interest in the Collateral (with the priority fully described therein and in the DIP Credit Agreement), (such grant the "Security Grant").

NOW, THEREFORE, be it:

DIP Credit Agreement          **RESOLVED**, that the DIP Borrower is hereby authorized to execute and deliver, and to borrow and obtain letters of credit, as applicable, under, the DIP Credit Agreement, the DIP Security and Guaranty Agreement, and the Additional DIP Documents (as defined below) to which the DIP Borrower is a party or signatory and the performance of its obligations thereunder and transactions contemplated thereby thereunder and under the Interim Order and the Final Order, including, without limitation, the incurrence of debt, the granting of security interests (including without limitation, the Security Grant),

the granting of pledges, and the making of guarantees thereunder and such other actions, and omissions to take actions, as are necessary, appropriate or desirable in connection with the foregoing, and that any officer (including, without limitation, any chief executive officer, chief financial officer, treasurer, assistant treasurer, president, vice president secretary and assistant secretary) of the DIP Borrower (each, an "<u>Authorized Officer</u>"), be, and each of them hereby is individually, authorized, empowered and directed, in the name and on behalf of the DIP Borrower, to execute and deliver the DIP Credit Agreement, the DIP Security and Guaranty Agreement, and the Additional DIP Documents to which the DIP Borrower is a party or signatory and the performance of its obligations thereunder and under the Interim Order and the Final Order, including, without limitation, the incurrence of debt, the granting of security interests (including, without limitation, the Security Grant) and the making of guarantees thereunder  and such other actions, and omissions to take actions, as are necessary, appropriate or desirable in connection with the foregoing, with such modifications thereto as such Authorized Officer executing the same shall approve, his or her execution thereof being deemed conclusive evidence of such approval; and be it further

**RESOLVED**, that any Authorized Officer of the DIP Borrower be, and each of them hereby is individually, authorized, empowered and directed, in the name and on behalf of the DIP Borrower, to execute and deliver, attest to such execution and delivery of, in the name of and on behalf of the DIP Borrower, all such other agreements, all such other agreements (including, without limitation, any security agreements, guaranty agreements, mortgages, and control agreements), certificates, instruments and other writings (the "<u>Additional DIP Documents</u>"), and to take all such other actions, as such Authorized Officer may deem necessary or appropriate in connection with the transactions contemplated by these resolutions; and be it further

**RESOLVED**, the DIP Borrower will obtain benefits from the DIP Credit Agreement and the DIP Security and Guaranty Agreement and it is in the best interest of the DIP Borrower to enter into the DIP Credit Agreement and the DIP Security and Guaranty Agreement  and be bound by the Interim Order and the Final Order; and be it further

**RESOLVED**, that the DIP Borrower hereby authorizes, adopts and approves, in all respects the form, terms and provisions of the DIP Credit Agreement, the DIP Security and Guaranty Agreement, the Interim Order, the Final Order and any other Additional DIP Guarantor Documents substantially in the form to be executed and delivered on or around March 21, 2018; and be it further

<u>DIP Borrower Documents</u>

**RESOLVED**, that the DIP Borrower is authorized to update the DIP Credit Agreement, the DIP Security and Guaranty Agreement, and any Additional DIP Documents and the transactions contemplated thereby and is authorized to enter into any Additional DIP Documents to which the DIP Borrower is or is contemplated to be a party and any other agreements, documents, certificates or filings that any Authorized Officer of the DIP Borrower determines are necessary, appropriate or desirable in connection with the DIP Credit

Agreement, the DIP Security and Guaranty Agreement, the Interim Order, the Final Order and any other Additional DIP Documents to which the DIP Borrower is or is contemplated to be a party, as security for the Obligations (as defined in the DIP Credit Agreement) or any portion of them and as otherwise provided in the DIP Credit Agreement, the DIP Security and Guaranty Agreement, or the Additional DIP Documents; and be it further

**RESOLVED**, that any Authorized Officer of the DIP Borrower be, and each of them hereby is individually, authorized, empowered and directed, in the name and on behalf of the DIP Borrower, to execute and deliver such additional assignments, stock powers, powers of attorney, notices, lien perfection documents, consents to assignment, subordination agreements, interest rate protection and other hedging agreements, letters of credit and master letter of credit agreements, cash management agreements, assignments, collateral assignments, fee letters and other customary loan documents, third party collateral access agreements, bailee letters, deposit account control agreements, securities account control agreements, insurance certificates, UCC financing statements, mortgages, deeds of trust, warehouse notifications, collateral assignments, and other customary secured loan documents and other agreements, certificates, instruments and other writings as the DIP Agent may request or as may be necessary or appropriate in the sole judgment of such Authorized Officer to create, preserve and perfect the security interests and other liens required or contemplated pursuant to, or otherwise to give effect to any of the transactions contemplated by, any of the Additional DIP Documents; and be it further

**RESOLVED**, that any Authorized Officer of the DIP Borrower be, and each of them hereby is individually, authorized, empowered and directed, in the name and on behalf of the DIP Borrower, to execute and deliver all such other agreements, certificates, instruments and other writings, and to take all such other actions, as any such Authorized Officer may deem necessary or appropriate in connection with the transactions contemplated by these resolutions; and be it further

Ratification          **RESOLVED**, that all actions, proceedings, elections, appointments, approvals, assignments, grants, transfers, agreements, acts, declarations, instruments, documents, executions and transactions, whether done, taken, executed or acted upon, or purported to be done, taken, executed or acted upon prior to the date hereof, by or on behalf of the DIP Borrower in connection with the DIP Credit Agreement, the DIP Security and Guaranty Agreement, or any of the Additional DIP Documents, be, and the same hereby are, approved, adopted, ratified and confirmed in all respects; and be it further

General Authority     **RESOLVED**, that any Authorized Officer of the DIP Borrower be, and each of them hereby is individually, authorized, empowered and directed, in the name and on behalf of the DIP Borrower, to take such additional actions, to perform all acts and deeds, and to execute, ratify, certify, deliver, file and record such additional agreements, certificates, instruments and other writings as any of them may deem necessary or appropriate to implement the provisions of the foregoing resolutions (including, without limitation, amendments, restatements, replacements or other modifications of any of the foregoing

documents) or otherwise in connection with the DIP Credit Agreement, the DIP Security and Guaranty Agreement or any of the Additional DIP Documents, to appoint such agents on behalf of the DIP Borrower as any such Authorized Officer may deem necessary or appropriate in connection with the foregoing resolutions or to comply with the requirements of the agreements, certificates, instruments and other writings approved by the foregoing resolutions, the authority for the taking or performing of such actions, acts or deeds and the execution, ratification, certification, delivery, filing or recording of such agreements, certificates, instruments or other writings to be conclusively evidenced thereby; and be it further

**RESOLVED**, that, to the extent the DIP Borrower serves as the sole member, managing member or other governing body (collectively, a "Controlling Company"), in each case, of any other company (a "Controlled Company"), each Authorized Officer, any one of whom may act without the joinder of any of the others, be, and each of them hereby is, severally authorized, empowered and directed in the name and on behalf of such Controlling Company (acting for such Controlled Company in the capacity set forth above, as applicable), to take all of the actions on behalf of such Controlled Company that an Authorized Officer is herein duly authorized to take on behalf of such Controlling Company; and be it further

**RESOLVED FURTHER**, that the authority conferred upon each Authorized Officer by these resolutions written consent is in addition to, and shall in no way limit, such other authority as such Authorized Officer may have with respect to the subject matter of the foregoing resolutions, and that the omission from this resolution of any agreement or other arrangement contemplated by any of the agreements, instruments or documents described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, instruments or documents described in the foregoing resolutions shall in no manner derogate from the authority of such Authorized Officer to take all actions necessary, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by and the intents and purposes of the foregoing resolutions.

**EXHIBIT II**

**DIP GUARANTOR RESOLUTIONS**

March 18, 2018

WHEREAS, Claire's Stores, Inc., a Florida corporation (the "DIP Borrower") desires to enter into, deliver and perform its obligations under that certain Senior Secured and Superpriority Debtor-In-Possession Credit Agreement, dated on or around March 21, 2018 (as may be amended, restated, amended and restated, supplemented and/or otherwise modified from time to time, the "DIP Credit Agreement"), by and among the DIP Borrower, as borrower, Claire's Inc., a Delaware corporation ("Claire's"), BMS Distributing Corp., a Delaware corporation ("BMS"), CBI Distributing Corp., a Delaware corporation ("CBI"), Claire's Boutiques, Inc., a Colorado corporation ("Claire's Boutiques"), Claire's Canada Corp., a Delaware corporation ("Claire's Canada"), Claire's Puerto Rico Corp. a Delaware corporation ("Claire's Puerto Rico") and CSI Canada LLC, a Delaware limited liability company ("CSI Canada" and together with Claire's, BMS, CBI, Claire's Boutiques, Claire's Canada and Claire's Puerto Rico, the "DIP Guarantors," and together with the DIP Borrower, individually a "Company" and collectively the "Companies"), as guarantors, the lenders from time to time party thereto (the "DIP Lenders"), and Citibank, N.A., as administrative agent for the DIP Lenders (the "DIP Agent"), pursuant to which (i) an asset-based revolving credit facility in an aggregate principal amount at any time outstanding of up to $75,000,000 (the "DIP ABL Revolving Commitments"), with up to $10,000,000 of the DIP ABL Revolving Commitments available for the issuance of standby letters of credit but only after the proceeds of loans made pursuant to the DIP ABL Revolving Commitments are used to refinance and/or repay in full all outstanding loans and other Obligations under that certain ABL Credit Agreement, dated as of August 12, 2016 (as amended, restated, amended and restated, supplemented and or otherwise modified prior to the date of the DIP Credit Agreement, the "Existing ABL"), by and among, the DIP Borrower, the DIP Guarantors, the lenders from time to time party thereto, and Credit Suisse AG as administrative agent for such lenders and (ii) a "last-out" term loan facility in an aggregate principal amount of $60,000,000, will be made available to the DIP Borrower on the terms and conditions set forth in the DIP Credit Agreement;

WHEREAS, severally pursuant to (i) the entry by the applicable bankruptcy court of the Interim Order (and subsequently confirmed by the Final Order), and (ii) that certain Security and Guaranty Agreement, dated on or around March 21, 2018 (as may be amended, restated, amended and restated, supplemented and/or otherwise modified from time to time, the "DIP Security and Guaranty Agreement"), by and among, the Companies and the DIP Agent, (x) the DIP Borrower and the DIP Guarantors shall grant the DIP Agent for the benefit of the DIP Lenders a legal, valid, continuing and enforceable security interest in the Collateral (with the priority fully described therein and in the DIP Credit Agreement), (such grant the "Security Grant") and (y) the DIP Guarantors shall guarantee the obligations of the DIP Borrower (under the DIP Credit Agreement), (such guarantee the "Guaranty of Obligations").

NOW, THEREFORE, be it:

DIP Credit Agreement     RESOLVED, that each DIP Guarantor is hereby authorized to execute and deliver the DIP Credit Agreement, the DIP Security and Guaranty Agreement, and any Additional DIP Guarantor Documents (as defined below) in its capacity as guarantor, and to perform its obligations and transactions contemplated thereby thereunder and under the Interim Order and the Final Order, including, without limitation, the granting of security interests (including, without limitation, the Security Grant), the granting of pledges, and the making of

guarantees thereunder (including, without limitation, the Guaranty of Obligations), and to take such actions, as are necessary, appropriate or desirable in connection with the foregoing, and that any officer (including, without limitation, any chief executive officer, chief financial officer, treasurer, assistant treasurer, president, vice president secretary and assistant secretary) of such DIP Guarantor (each, an "Authorized Officer") be, and each of them hereby is individually, authorized, empowered and directed, in the name and on behalf of such DIP Guarantor, to execute and deliver the DIP Credit Agreement, the DIP Security and Guaranty Agreement and any Additional DIP Guarantor Documents and to perform such DIP Guarantor's obligations thereunder and under the Interim Order and the Final Order, including, without limitation, the granting of security interests (including, without limitation, the Security Grant) and the making of guarantees thereunder (including, without limitation, the Guaranty of Obligations), and to take such other actions as are necessary, appropriate or desirable in connection with the foregoing, with the DIP Credit Agreement, the DIP Security and Guaranty Agreement and any Additional DIP Guarantor Documents having such modifications as such Authorized Officer executing the same shall approve, his or her execution thereof being deemed conclusive evidence of such approval; and be it further

RESOLVED, that any Authorized Officer of each DIP Guarantor be, and each of them hereby is individually, authorized, empowered and directed, in the name and on behalf of such DIP Guarantor, to execute and deliver, attest to such execution and delivery of, in the name of and on behalf of the DIP Guarantor, all such other agreements (including, without limitation, any security agreements, guaranty agreements, mortgages, and control agreements), certificates, instruments and other writings (the "Additional DIP Guarantor Documents"), and to take all such other actions, as such Authorized Officer may deem necessary or appropriate in connection with the DIP Credit Agreement, the DIP Security and Guaranty Agreement, the Interim Order, the Final Order and any Additional DIP Guarantor Documents; and be it further

RESOLVED, that each DIP Guarantor is authorized to execute, deliver and perform such other agreements, amendments, ratifications and confirmations as the DIP Agent may require in connection with the DIP Credit Agreement, the DIP Security and Guaranty Agreement, and any Additional DIP Guarantor Documents to which such DIP Guarantor is or is contemplated to be a party and any other agreements, documents, certificates or filings that any Authorized Officer of such DIP Guarantor determines are necessary, appropriate or desirable in connection with the DIP Credit Agreement, the DIP Security and Guaranty Agreement, the Interim Order, the Final Order and the Additional DIP Guarantor Documents to which such DIP Guarantor is or is contemplated to be a party; and be it further

RESOLVED, that any Authorized Officer of each DIP Guarantor be, and each of them hereby is individually, authorized, empowered and directed, in the name and on behalf of such DIP Guarantor, to execute and deliver such additional assignments, stock powers, powers of attorney, notices, lien perfection documents, consents to assignment, subordination agreements, interest rate protection and other hedging agreements, letters of credit and master letter of credit agreements, cash management agreements, assignments,

2

collateral assignments, fee letters and other customary loan documents, third party collateral access agreements, bailee letters, deposit account control agreements, securities account control agreements, insurance certificates, UCC financing statements, mortgages, deeds of trust, warehouse notifications, collateral assignments, and other customary secured loan documents and other agreements, certificates, instruments and other writings as the DIP Agent may request or as may be necessary or appropriate in the sole judgment of such Authorized Officer to create, preserve and perfect the security interests and other liens required or contemplated pursuant to, or otherwise to give effect to any of the transactions contemplated by, any of the Additional DIP Guarantor Documents; and be it further

**RESOLVED**, that any Authorized Officer of each DIP Guarantor be, and each of them hereby is individually, authorized, empowered and directed, in the name and on behalf of such DIP Guarantor, to execute and deliver all such other agreements, certificates, instruments and other writings, and to take all such other actions, as any such Authorized Officer may deem necessary or appropriate in connection with the transactions contemplated by these resolutions (and the DIP Credit Agreement, the DIP Security and Guaranty Agreement, the Interim Order and the Final Order); and be it further

**RESOLVED**, that each DIP Guarantor hereby authorizes, adopts and approves, in all respects the form, terms and provisions of the DIP Credit Agreement, the DIP Security and Guaranty Agreement, the Interim Order, the Final Order and any other Additional DIP Guarantor Documents (including without limitation, the Guaranty of Obligations provided therein) substantially in the form to be executed and delivered on or around March 21, 2018 and each DIP Guarantor's perfection thereunder; and be it further

Ratification

**RESOLVED**, that all actions, proceedings, elections, appointments, approvals, assignments, grants, transfers, agreements, acts, declarations, instruments, documents, executions and transactions, whether done, taken, executed or acted upon, or purported to be done, taken, executed or acted upon prior to the date hereof, by or on behalf of any DIP Guarantor in connection with the DIP Credit Agreement, the DIP Security and Guaranty Agreement, or any Additional DIP Guarantor Documents, be, and the same hereby are, approved, adopted, ratified and confirmed in all respects; and be it further

General Authority

**RESOLVED**, that any Authorized Officer of each DIP Guarantor be, and each of them hereby is individually, authorized, empowered and directed, in the name and on behalf of such DIP Guarantor, to take such additional actions, to perform all acts and deeds, and to execute, ratify, certify, deliver, file and record such additional agreements, certificates, instruments and other writings as any of them may deem necessary or appropriate to implement the provisions of the foregoing resolutions (including, without limitation, amendments, restatements, replacements or other modifications of any of the foregoing documents) or otherwise in connection with the DIP Credit Agreement, the DIP Security and Guaranty Agreement, or any Additional DIP Guarantor Documents, to appoint such agents on behalf of such DIP Guarantor as any such Authorized Officer may deem necessary or appropriate in connection with the foregoing resolutions or to comply with the requirements of the agreements, certificates, instruments

and other writings approved by the foregoing resolutions, the authority for the taking or performing of such actions, acts or deeds and the execution, ratification, certification, delivery, filing or recording of such agreements, certificates, instruments or other writings to be conclusively evidenced thereby; and be it further

**RESOLVED**, that, to the extent any DIP Guarantor serves as the board of directors, sole member, managing member or other governing body (collectively, a "Controlling Company"), in each case, of any other company (a "Controlled Company"), each Authorized Officer, any one of whom may act without the joinder of any of the others, be, and each of them hereby is, severally authorized, empowered and directed in the name and on behalf of such Controlling Company (acting for such Controlled Company in the capacity set forth above, as applicable), to take all of the actions on behalf of such Controlled Company that an Authorized Officer is herein duly authorized to take on behalf of such Controlling Company; and be it further

**RESOLVED FURTHER**, that the authority conferred upon each Authorized Officer by these resolutions written consent is in addition to, and shall in no way limit, such other authority as such Authorized Officer may have with respect to the subject matter of the foregoing resolutions, and that the omission from this resolution of any agreement or other arrangement contemplated by any of the agreements, instruments or documents described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, instruments or documents described in the foregoing resolutions shall in no manner derogate from the authority of such Authorized Officer to take all actions necessary, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by and the intents and purposes of the foregoing resolutions.

WEIL:\96449009\9\36182.0003

**Fill in this information to identify the case:**

Debtor name: Claire's Stores, Inc.

United States Bankruptcy Court for the: _____ District of Delaware

(State)

Case number (*If known*): _____

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 The Bank of New York Mellon 101 Barclay Street New York, NY 10286 | Attn.: 101 Barclay Street New York, NY 0286 Phone: Email: | $216.7M 7.750% Senior Unsecured Notes | | | | $221,544,495.00 |
| 2 Studex Corp. 521 Rosecrans Avenue Gardena, CA 90248-1514 | Attn.: 521 Rosecrans Avenue Gardena, CA 90248-1514 Phone: (800) 478-8339 Email: | Trade Payable | | | | $8,899,178.00 |
| 3 Popsockets 3033 Sterling Circle Boulder, CO 80301 | Attn.: 3033 Sterling Circle Boulder, CO 80301 Phone: (303) 223-6922 Email: | Trade Payable | | | | $1,853,526.00 |
| 4 Ty Inc. 280 Chestnut Avenue Westmont, IL 60559 | Attn.: 280 Chestnut Avenue Westmont, IL 60559 Phone: (630) 432-3461 Email: | Trade Payable | | | | $1,721,801.00 |
| 5 MGA Entertainment Inc. 16300 Roscoe Blvd Van Nuys, CA 91406 | Attn: 16300 Roscoe Blvd Van Nuys, CA 91406 Phone: (818) 894-2525 Email: | Trade Payable | | | | $598,136.00 |
| 6 Aptos – UK St. John's Court, Easton Street High Wycombe Bucks HP11 1 JX    UK | Attn.: St. John's Court, Easton Street High Wycombe Bucks HP11 1 JX    UK Phone: Email: | Trade Payable | | | | $426,730.00 |

WEIL:\96449009\9\36182.0003

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7 FedEx<br>P.O. Box 94515<br>Palatine, IL 60094-4515 | Attn.:<br>P.O. Box 94515<br>Palatine, IL 60094-4515<br>Phone: (800) 622-1147<br>Email: | Trade Payable | | | | $359,911.00 |
| 8 Expeditors<br>P.O. Box 66448<br>Chicago, IL 60666 | Attn.:<br>P.O. Box 66448<br>Chicago, IL 60666<br>Phone: (630) 595-3770<br>Email: | Trade Payable | | | | $338,347.00 |
| 9 Wowwee Group Limited<br>301 A-C Energy Plaza<br>92 Granville Road<br>T.S.T. East, HK | Attn.:<br>301 A-C Energy Plaza<br>92 Granville Road<br>T.S.T. East, HK<br>Phone:<br>Email: | Trade Payable | | | | $248,488.00 |
| 10 Viff Accessories<br>5 Bowling Green Parkway<br>Lake Hopatcong, NJ 07849 | Attn.:<br>5 Bowling Green Parkway<br>Lake Hopatcong, NJ 07849<br>Phone: (973) 432-6625<br>Email: | Trade Payable | | | | $233,804.00 |
| 11 Enesco LLC<br>225 Windsor Drive<br>Itasca, IL 60143 | Attn.:<br>225 Windsor Drive<br>Itasca, IL 60143<br>Phone: (630) 875-5300<br>Email: | Trade Payable | | | | $220,428.00 |
| 12 Jakks Pacific Parkway<br>21749 Baker Parkway<br>Industry, CA 91789 | Attn.:<br>21749 Baker Parkway<br>Industry, CA 91789<br>Phone: (909) 594-7771<br>Email: | Trade Payable | | | | $219,000.00 |
| 13 Pretty Woman, LLC<br>35 Corporate Drive<br>Holtsville, NY 11742 | Attn.:<br>35 Corporate Drive<br>Holtsville, NY 11742<br>Phone:<br>Email: | Trade Payable | | | | $196,560.00 |
| 14 Animal Adventure, LLC<br>1114 5th Street S<br>Hopkins, MN 55343 | Attn.:<br>1114 5th Street S<br>Hopkins, MN 55343<br>Phone: (952) 351-0990<br>Email: | Trade Payable | | | | $182,881.00 |
| 15 The Retail Property Trust<br>P.O. Box 772805<br>Chicago, IL 60677-2805 | Attn.:<br>P.O. Box 772805<br>Chicago, IL 60677-2805<br>Phone: (317) 263-2313<br>Email: | Rent/Lease Obligation | | | | $175,670.00 |
| 16 Edge Accessories Ltd.<br>79 Lynch Lane<br>Weymouth, Dorset  DT4 9DW, UK | Attn.:<br>79 Lynch Lane<br>Weymouth, Dorset  DT4 9DW, UK<br>Phone:<br>Email: | Trade Payable | | | | $161,427.00 |
| 17 Warehouse Direct, Inc.<br>2001 South Mount Prospect Road<br>Des Plaines, IL 60018 | Attn.:<br>2001 South Mount Prospect Road<br>Des Plaines, IL 60018<br>Phone: (847) 631-3473<br>Email: | Trade Payable | | | | $149,070.00 |

WEIL:\96449009\9\36182.0003

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 Eyesquared 15 West 37th Street New York, NY 10018 | Attn: 15 West 37th Street New York, NY 10018 Phone: (212) 354-7744 Email: | Trade Payable | | | | $132,287.00 |
| 19 Trade Global, LLC 5389 E. Provident Drive Cincinnati, OH 45246 | Attn.: 5389 E. Provident Drive Cincinnati, OH 45246 Phone: (513) 346-3100 Email: | Trade Payable | | | | $127,758.00 |
| 20 Wish Factory Trading 960 6th Ave., 3rd Floor New York, NY 10018 | Attn: 960 6th Ave., 3rd Floor New York, NY 10018 Phone: Email: | Trade Payable | | | | $116,538.00 |
| 21 Nest International Inc. 550 Crescent Blvd. Gloucester City, NJ 08030 | Attn.: 550 Crescent Blvd. Gloucester City, NJ 08030 Phone: (609) 456-5668 Email: | Trade Payable | | | | $112,064.00 |
| 22 Inspired Thinking Group 41 East 11th Street New York, NY 10003 | Attn: 41 East 11th Street New York, NY 10003 Phone: Email: | Trade Payable | | | | $109,756.00 |
| 23 Fiona Cuff London SW9 0JR, UK | Attn.: London SW9 0JR, UK Phone: Email: | Trade Payable | | | | $104,562.00 |
| 24 Simon Property Group, LP P.O. Box 2004 Indianapolis, IN 46206-2004 | Attn.: P.O. Box 2004 Indianapolis, IN 46206-2004 Phone: (317) 263-2313 Email: | Rent/Lease Obligation | | | | $102,906.00 |
| 25 GGP Limited Partnership P.O. Box 776250 Chicago, IL 60677-6250 | Attn.: P.O. Box 776250 Chicago, IL 60677-6250 Phone: Email: | Rent/Lease Obligation | | | | $96,883.00 |
| 26 Verity Hoskins Products 1404 Hygeia Ave. Encinitas, CA 92024 | Attn: 1404 Hygeia Ave. Encinitas, CA 92024 Phone: (619) 228-6447 Email: | Trade Payable | | | | $92,068.00 |
| 27 Skinnydip Limited Carey Way, Towers Business Park London HA9 OLQ, UK | Attn: Carey Way, Towers Business Park London HA9 OLQ, UK Phone: Email: | Trade Payable | | | | $84,968.00 |
| 28 Capitol Light 14951 Dallas Parkway Jefferson Hills, PA 15025 | Attn: 14951 Dallas Parkway Jefferson Hills, PA 15025 Phone: (412) 384-1000 Email: | Trade Payable | | | | $77,575.00 |

WEIL:\96449009\9\36182.0003

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 29 Lennox Industries, Inc. 3511 NE 22 Avenue Fort Lauderdale, FL 33308 | Attn.: 3511 NE 22 Avenue Fort Lauderdale, FL 33308 Phone: (800) 333-4001 Email: | Trade Payable | | | | $73,620.00 |
| 30 Disney Consumer Products, Inc. 500 S. Buena Vista St. Burbank, CA 91521 | Attn.: Devin Seastone 500 S. Buena Vista St. Burbank, CA 91521 Phone: Email: | Trade Dispute | Contingent / Unliquidated / Disputed | | | Unknown |

Official Form 204                    **List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders**                    Page 4

WEIL:\96449009\9\36182.0003

**Fill in this information to identify the case:**

Debtor name: Claire's Stores, Inc.

United States Bankruptcy Court for the: _____ District of __Delaware__
                                                              (State)

Case number (*If known*): _____

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors                12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct to the best of my information and belief:

☐    Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐    Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐    Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐    Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐    Schedule H: Codebtors (Official Form 206H)

☐    Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐    Amended Schedule _____

☑    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☐    Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct to my knowledge, information, and belief.

Executed on __March 19, 2018__          ✗  /s/ Scott E. Huckins
           MM /DD /YYYY                     Signature of individual signing on behalf of debtor

                                            Scott E. Huckins
                                            Printed name

                                            Executive Vice President and Chief Financial Officer
                                            Position or relationship to debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

```
-------------------------------------------------------- x
In re                              :
                                   :      Chapter 11
                                   :
CLAIRE'S STORES, INC.              :      Case No. 18– _____ (     )
                                   :
                  Debtor.          :
                                   :
-------------------------------------------------------- x
```

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT PURSUANT
TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007 AND 7007.1**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, attached hereto as **Exhibit A** is an organizational chart reflecting all of the ownership interests in Claire's Stores, Inc. ("**Claire's**") and its affiliated debtors (the "**Affiliated Debtors**"), as proposed debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"). Claire's, on behalf of itself and the Affiliated Debtors, respectfully represents as follows:

1. Apollo[1] owns 97.7 percent of the equity interest of Claire's Inc. ("**Claire's Parent**"). To the best of the Debtors' knowledge and belief, no other person or entity directly owns ten percent (10%) or more of Claire's Parent's common stock.

2. Claire's Parent owns one hundred percent (100%) of the equity interests of Claire's.

3. Claire's owns one hundred percent (100%) of the equity interests of:

    a. Claire's Puerto Rico Corp.;

    b. CBI Distributing Corp.;

    c. Claire's Boutiques, Inc.; and

---

[1] "**Apollo**," as used herein, includes interests managed by Apollo Investment Fund VI, L.P.

    d.   Claire's Canada Corp.

4.  CBI Distributing Corp. owns one hundred percent (100%) of the equity interests of BMS Distributing Corp.

5.  Claire's Canada Corp. owns one hundred percent (100%) of the membership interests of CSI Canada LLC.

## **Exhibit A**

## **Organizational Chart**



**Fill in this information to identify the case:**

Debtor name: Claire's Stores, Inc.

United States Bankruptcy Court for the: _____ District of Delaware
(State)

Case number (*If known*): _____

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING – Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct to the best of my information and belief:

☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐ Schedule H: Codebtors (Official Form 206H)

☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐ Amended Schedule _____

☐ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☑ Other document that requires a declaration **Corporate Ownership Statement** _____

I declare under penalty of perjury that the foregoing is true and correct to my knowledge, information, and belief.

Executed on  March 19, 2018
MM / DD /YYYY

X  /s/ Scott E. Huckins
Signature of individual signing on behalf of debtor

Scott E. Huckins
Printed name

Executive Vice President and Chief Financial Officer
Position or relationship to debtor

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

```
-------------------------------------------------------- x
In re                                        :
                                             :        Chapter 11
                                             :
CLAIRE'S STORES, INC.                        :        Case No. 18– _____ (      )
                                             :
                         Debtor.             :
                                             :
-------------------------------------------------------- x
```

### LIST OF EQUITY SECURITY HOLDERS[1]

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following identifies all holders having a direct or indirect ownership interest, of the above-captioned debtor in possession (the "**Debtor**").

Check applicable box:

☐  There are no equity security holders or corporations that directly or indirectly own 10% or more of any class of the debtor's equity interest.

☒  The following are the debtor's equity security holders (list holders of each class, showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder):

| Name and Last Known Address or Place of Business of Holder | Kind/Class of Interest | Number of Interests Held |
|---|---|---|
| Claire's Inc.<br>2400 West Central Road<br>Hoffman Estates, Illinois 60192 | Equity Interest | 100% |

---

[1] This list serves as the required disclosure by the Debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the Debtor's chapter 11 case.

**Fill in this information to identify the case:**

Debtor name: Claire's Stores, Inc.

United States Bankruptcy Court for the: _____ District of Delaware
(State)

Case number (*If known*): _____

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

**12/15**

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct to the best of my information and belief:

☐   Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐   Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐   Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐   Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐   Schedule H: Codebtors (Official Form 206H)

☐   Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐   Amended Schedule _____

☐   Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☑   Other document that requires a declaration **List of Equity Holders** _____

I declare under penalty of perjury that the foregoing is true and correct to my knowledge, information, and belief.

Executed on  March 19, 2018
MM / DD /YYYY

✗  /s/ Scott E. Huckins
Signature of individual signing on behalf of debtor

Scott E. Huckins
Printed name

Executive Vice President and Chief Financial Officer
Position or relationship to debtor