## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

---

| | | |
|---|---|---|
| | : | |
| In re | : | **Chapter 11** |
| | : | |
| **CLAIRE'S STORES, INC.**, *et al.*, | : | **Case No. 18– _____** |
| | : | |
| Debtors.[1] | : | **(Joint Administration Requested)** |
| | : | |

---

## MOTION OF DEBTORS FOR
## ENTRY OF ORDER (I) APPROVING
## PROCEDURES FOR REJECTING UNEXPIRED LEASES OF
## <u>NONRESIDENTIAL REAL PROPERTY AND (II) GRANTING RELATED RELIEF</u>

Claire's Stores, Inc. ("**Claire's**") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):[2]

### <u>Relief Requested</u>

1.      By this Motion, the Debtors request entry of an order, pursuant to sections 105(a), 365, and 554 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 6004, 6006, 6007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Claire's Inc. (6919); Claire's Stores, Inc. (0416); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Puerto Rico Corp. (6113); and CSI Canada LLC (7936). The Debtors' corporate headquarters and service address is 2400 West Central Road, Hoffman Estates, Illinois 60192.

[2] The facts and circumstances supporting the relief requested herein are set forth in the First Day Declaration (as defined herein) filed contemporaneously herewith. Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the First Day Declaration.

**Rules**") (i) authorizing the Debtors to implement the Lease Rejection Procedures (as defined herein) and (ii) granting related relief.

2.     A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

### Jurisdiction

3.     The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

4.     On the date hereof (the "**Commencement Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

5.     Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of their chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

6.     Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Scott E. Huckins In Support of Debtors' Chapter 11 Petitions and*

2

*First Day Relief* (the "**First Day Declaration**"), filed contemporaneously herewith and incorporated herein by reference.

### The Closing Stores

7.    The Debtors' businesses span the nation and many of their stores generate strong, positive EBITDA.[3]  However, due to the larger distressed retail market as a whole, which has caused deterioration at many stores, coupled with business alternatives that present an opportunity to allocate/re-allocate capital elsewhere, a number of the Debtors' stores are considered underperforming or non-core.

8.    The Debtors, with the assistance of their advisors, have examined their business operations to determine which stores the Debtors should consider for closure.  In these analyses, the Debtors considered historical and future revenue and profits, taking into account the likelihood of realizing future cost savings through, for example, negotiating lease modifications with landlords.  Ultimately, the Debtors, in their business judgment, concluded that it would be in the best interests of their estates and stakeholders to close a significant number of underperforming stores during these chapter 11 cases (the "**Closing Stores**"),[4] which will enable them to realize substantial savings on a go forward basis.

9.    In connection with such closings, the Debtors, have determined that they cannot sell or assign for value the leases underlying the Closing Stores, and consequently they will need the flexibility to reject such leases promptly.  Therefore, the Debtors seek approval of procedures (the "**Lease Rejection Procedures**") to govern their rejection of unexpired leases of

---

[3] EBITDA refers to "Earnings Before Interest, Taxes, Depreciation, and Amortization" and is a common metric for measuring a business's operating performance.

[4] Contemporaneously herewith, the Debtors have moved to reject the Leases associated with ninety-five (95) stores, pursuant to the *Omnibus Motion of Debtors for Entry of Order (I) Authorizing Debtors to (A) Reject Certain Unexpired Leases of Nonresidential Real Property and (B) Abandon* De Minimis *Property In Connection Therewith and (II) Granting Related Relief* (the "**Omnibus Lease Rejection Motion**").

nonresidential real property and the abandonment of certain surplus, burdensome, or non-core assets (collectively, the "**De Minimis Assets**") in connection therewith.  Implementing the Lease Rejection Procedures will promote the Debtors' chapter 11 strategy, and will eliminate burdensome payment and other performance obligations.

10.     The relief requested in this Motion is integral to maximizing value for the Debtors' estates and their stakeholders.  The Lease Rejection Procedures will provide a uniform, efficient mechanism for the rejection of Closing Store leases and turnover of leased premises to affected landlords, and provide the Debtors with the flexibility needed to execute their chapter 11 strategy.

### Lease Rejection Procedures

11.     On the Commencement Date, the Debtors filed an Omnibus Lease Rejection Motion seeking to reject ninety-five (95) leases relating to various Closing Stores.  The Debtors also anticipate initiating or concluding store closures at additional Closing Stores postpetition, and will consequently need to reject additional leases in connection with such stores.  To ease the administrative and financial burdens of the wind-down process, the Debtors seek authority to implement the Lease Rejection Procedures, substantially in the form annexed to the Proposed Order as **Exhibit 1**.  The Lease Rejection Procedures will provide a streamlined process for rejecting leases (and abandoning De Minimis Assets) of additional Closing Stores not addressed in the Omnibus Lease Rejection Motion.

12.     The Lease Rejection Procedures provide that the Debtors will file a notice (the "**Rejection Notice**"), substantially in the form annexed as **Schedule A** to the Lease Rejection Procedures, to reject the identified unexpired leases or subleases.  The Rejection Notice will include a proposed order approving rejection of the unexpired leases or subleases (the "**Rejection Order**").  Any property remaining at the leased premises as of the Debtors'

proposed effective date of rejection of the leases or subleases (the "**Rejection Date**") shall be deemed abandoned without further notice of the Court, free and clear of all liens, claims, interests, or other encumbrances.  The Rejection Date shall be (i) the earlier of (a) service of the Rejection Notice, and (b) the Debtors' unequivocal surrender of the leased premises via the delivery of the keys, key codes, and alarm codes to the premises, as applicable, to the applicable lease counterparty, or, if not by delivering such keys and codes, then by providing notice that the landlord may re-let the premises or (ii) as otherwise agreed by the Debtors and the applicable lease counterparty.

13.     Objections to the proposed rejection or abandonment (each, an "**Objection**") must be filed with the Court and served on the Debtors no later than fourteen (14) calendar days after service of the Rejection Notice (the "**Rejection Objection Deadline**"). If no Objection is filed with the Court by the Rejection Objection Deadline, the Debtors will submit the proposed Rejection Order to the Court after the Rejection Objection Deadline, together with a statement confirming the absence of any timely objections to the relief granted by the Rejection Order.   If an Objection is timely filed, served, and not withdrawn (an "**Unresolved Objection**"), the Debtors will file a notice of a hearing for the Court to hear the Unresolved Objection at the next scheduled omnibus hearing after the Rejection Objection Deadline.

**Relief Requested Should Be Granted**

A.      **Implementing the Lease Rejection Procedures Is an Exercise of the Debtors' Sound Business Judgment**

14.     Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any . . . executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).   The purpose behind section 365(a) is "to permit the trustee or

5

debtor-in-possession to use valuable property of the estate and to renounce title to and abandon burdensome property." *In re Republic Airways Holdings Inc.*, 547 B.R. 578, 582 (Bankr. S.D.N.Y. 2016) (quoting *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993)); *see In re Exide Techs.*, 607 F.3d 957, 967 (3d Cir. 2010), as amended (June 24, 2010) ("Courts may use § 365 to free a [debtor] from burdensome duties that hinder its reorganization"); *see also In re Bildisco*, 465 U.S. 513, 528 (1984) ("[T]he authority to reject an executory contract is vital to the basic purpose to a Chapter 11 reorganization, because rejection can release the debtor's estate from burdensome obligations that can impede a successful reorganization").

15.    The standard to be applied by a court in determining whether the assumption or rejection of an unexpired nonresidential real property lease pursuant to 365(a) of the Bankruptcy Code should be approved is the "business judgment" test, which requires that the debtor have determined that the requested assumption or rejection would be beneficial to its estate. *See, e.g. Group of Inst. Investors, Inc. v. Chicago, Milwaukee, St. Paul & Pac. R.R. Co.*, 318 U.S. 523, 550 (1943) (noting "the question whether a lease should be rejected . . . is one of business judgment"); *In re Bildisco*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test"), *aff'd* 465 U.S. 513 (1984); *see also L.R.S.C. Co. v. Rickel Home Centers, Inc. (In re Rickel Home Centers, Inc.)*, 209 F.3d 291, 298 (3d Cir. 2000) ("Section 365 enables the trustee to maximize the value of the debtor's estate by assuming executory contracts and unexpired leases that benefit the estate and rejecting those that do not."); *In re HQ Global Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003) ("A debtor's decision to reject an

executory contract under section 365 is governed by the business judgment standard.") (citations omitted).

16.    In applying the business judgment standard, Bankruptcy Courts afford great deference to a debtor's decision to assume or reject leases.  *See e.g., Sharon Steel Corp. v. Nat'l Fuel Gas Distr. Corp.*, 872 F.2d 36, 39–40 (3d Cir. 1989) (affirming rejection of a service agreement as sound exercise of debtor's business judgment when Bankruptcy Court found rejection would benefit estate); *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) ("[A] debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of bad faith, or whim or caprice.") (citations omitted); *Genco Shipping & Trading Ltd.*, 509 B.R. 455, 463 (Bankr. S.D.N.Y. 2014) (stating that a court generally will not second-guess a debtor's business judgment regarding assumption or rejection and such related benefits to the debtor's estate).

17.    The ability to reject burdensome nonresidential real property leases is an important tool provided to debtors under the Bankruptcy Code.  Because the Debtors will need to reject a significant number of leases during these chapter 11 cases, obtaining separate Court approval of each rejection would impose significant administrative burdens on the Debtors and the Court and result in unnecessary costs to the Debtors' estates.  The Lease Rejection Procedures are designed to minimize administrative and legal expenses for rejected leases, and their adoption is in the best interests of the Debtors' estates.  The Lease Rejection Procedures are also fair and reasonable to lease counterparties because they afford parties in interest the opportunity to appear and be heard with respect to the rejection of the Debtors' leases.  Furthermore, the Lease Rejection Procedures will provide clarity and uniformity as to the procedures governing most rejections in these chapter 11 cases.

**B.      Retroactive Rejection of the Leases Is Appropriate Under the Circumstances**

18.      The Rejection Procedures contemplate that the Rejection Date for leases may be before the date the Court enters an order approving the rejection.  An order approving rejection of leases as of such date will expedite the Debtors' relief from onerous obligations, and is fair and equitable to all parties because either the relevant counterparties will have adequate notice of the Debtors' intent to reject the leases and/or the Debtors will surrender the premises to the landlord as of the Rejection Date.  Permitting the rejection to occur as of the Rejection Date is consistent with prior rulings in this and other circuits.  *See, e.g.*, *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (acknowledging that a Bankruptcy Court may approve a rejection retroactive to the date the motion is filed after balancing the equities in the particular case); *In re Fleming Cos., Inc.*, 304 B.R. 85, 96 (Bankr. D. Del. 2003) (stating that rejection has been allowed *nunc pro tunc* to the date of the motion or the date the premises were surrendered); *see also Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602 (2d Cir. 2007) (upholding a bankruptcy court ruling that a rejection of an unexpired lease was retroactive to the date of the hearing on the motion to reject, even though the order to reject was not entered until nearly 33 months later); *Thinking Machines Corp. v. Mellon Financial Servs. Corp. (In re Thinking Machines Corp.)*, 67 F.3d 1021, 1028 (1st Cir. 1995) ("In the section 365 context, this means that bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation").

**C.      The Rejection Procedures Provide Interested Parties with Reasonable and Sufficient Notice and Opportunity to Object and Be Heard**

19.      The Lease Rejection Procedures comply with the procedural requirements of the Bankruptcy Rules.  "A proceeding to assume, reject, or assign an executory contract or unexpired lease . . . is governed by Rule 9014."  Fed. R. Bankr. P. 6006(a).  Bankruptcy Rule

9014 provides that:  "In a contested matter . . . , not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought."  Fed. R. Bankr. P. 9014(a).  The notice and hearing requirements for contested matters under Bankruptcy Rule 9014 are satisfied if appropriate notice and an opportunity for hearing are given in light of the particular circumstances.  *See* 11 U.S.C. § 102(1)(A) (defining "after notice and a hearing" or a similar phrase to mean such notice and an opportunity for hearing "as [are] appropriate in the particular circumstances").  The Lease Rejection Procedures provide for notice to lease counterparties and an opportunity to be heard at a hearing, and thus satisfy the requirement of Bankruptcy Rules 6006(a) and 9014.

20.    Under Bankruptcy Rule 6006(e), a debtor may join requests for authority to assume and assign or reject multiple unexpired leases in one motion, subject to Bankruptcy Rule 6006(f).  *See* Fed. R. Bankr. P. 6006(e).  Bankruptcy Rule 6006(f) sets forth six requirements that motions to assume or reject multiple unexpired leases must satisfy, all of which are procedural in nature.  A motion to assume or reject multiple unexpired leases that are not between the same parties shall:

(i)     state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

(ii)    list parties alphabetically and identify the corresponding contract or lease;

(iii)   specify the terms, including the curing of defaults, for each requested assumption or assignment;

(iv)    specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;

(v)     be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

(vi)    be limited to no more than 100 executory contracts or unexpired leases.

RLF1 19027825V.1

Fed. R. Bankr. P. 6006(f).

21.     The Lease Rejection Procedures satisfy Bankruptcy Rule 6006(f).  The clear purpose of Bankruptcy Rule 6006(f) is to protect the due process rights of counterparties to the Debtors' leases.  Counterparties must be able to locate their leases and readily determine whether their leases are being assumed or rejected.  The Debtors will comply with all applicable procedural requirements of Bankruptcy Rule 6006(f) when serving the Rejection Notices.

22.     Given the number of leases to which the Debtors are party, obtaining separate Court approval of each rejection would impose unnecessary administrative burdens on the Debtors and the Court, and would result in costs to the Debtors' estates that would diminish the economic benefits of rejection.  The Debtors, therefore, request approval of the Lease Rejection Procedures as the most efficient and cost-effective way for the Debtors to eliminate the costs in connection with maintaining leases that no longer serve the Debtors' business needs.

**D.      Abandonment of the De Minimis Assets Should Be Approved**

23.     The Debtors also request authority to abandon any property remaining at the affected Closing Stores.

24.     Under section 554(a) of the Bankruptcy Code, a debtor, after notice and a hearing, is authorized to "abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."  11 U.S.C. § 554(a); *see also Hanover Ins. Co. v. Tyco Indus., Inc.*, 500 F.2d 654, 657 (3d Cir. 1974) ("[A trustee] may abandon his claim to any asset, including a cause of action, he deems less than valuable than the cost of asserting that claim."); *In re Contract Research Solutions, Inc.*, 2013 WL 1910286, at *4 (Bankr. D. Del. May 1, 2013) ("[A debtor] need only demonstrate that [it] has exercised sound business judgment in making the determination to abandon.") (citations omitted).

25.     Although the Debtors will have, in their business judgment, removed personal property at the Closing Stores and other leased premises if feasible and of value to the Debtors' ongoing operations or to their estates, a minimal amount of the Debtors' personal property may remain at certain properties.  The Debtors expect that the De Minimis Assets will primarily consist of miscellaneous furniture, fixtures or equipment, advertising displays, inventory, and other store equipment that is of inconsequential value or benefit to the Debtors' estate or would be cost prohibitive to remove.  Any landlord or other designee will be free to dispose of the De Minimis Assets after the Rejection Date or after completion of the applicable store closures without notice or liability to any party.  To the best of the Debtors' knowledge, the abandonment of the property would not be in violation of any state or local statutes or regulations reasonably designed to protect the public health or safety.  Accordingly, abandonment of the De Minimis Assets as of the Rejection Date or after completion of the applicable store closures should be approved.

26.     Courts in this district and elsewhere have previously approved similar relief in other chapter 11 cases involving retail debtors.  *See, e.g., In re Central Grocers, Inc.*, No. 17-13886 (Bankr. D. Del. June 2, 2017) [Docket No. 336] (authorizing the debtors to sell or abandon de minimis assets left in stores after the completion of store closing sales); *In re Am. Apparel, Inc.*, No. 16-12551 (Bankr. D. Del. Dec. 19, 2016) [Doc. No. 357] (authorizing the debtors to dispose of or abandon property of their estates left in stores after the completion of store closing sales); *In re Sports Auth. Holdings, Inc.*, No. 16-10527 (Bankr. D. Del. May 3, 2016) [Doc. No. 1700] (authorizing the debtors to abandon any unremoved or unsold furniture, fixtures, and equipment at a closing store); *In re Great Atl. & Pac. Tea Co., Inc.*, No. 15-23007 (Bankr. S.D.N.Y. Jan. 22, 2016) [Doc. No. 2367] (authorizing the debtors to abandon furniture,

RLF1 19027825V.1

fixtures, and equipment as of a retroactive rejection date); *In re RadioShack Corp.*, No. 15-10197 (Bankr. D. Del. Feb. 2, 2015) [Doc. No. 455] (authorizing the debtors to abandon all unsold assets located at any of the closing stores).

### Reservation of Rights

27.     Nothing contained herein is intended or shall be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (iii) a waiver of any claims or causes of action which may exist against any creditor or interest holder; or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

### Bankruptcy Rules 6004(a) and (h)

28.     To implement the foregoing successfully, the Debtors request that the Court find that notice of the Motion is adequate under Bankruptcy Rule 6004(a) under the circumstances, and waive the fourteen (14) day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).  As explained above and in the First Day Declaration, the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors.  Accordingly, ample cause exists to justify finding that the notice requirements under Bankruptcy Rule 6004(a) have been satisfied and to grant a waiver of the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h), to the extent such notice requirements and such stay apply.

RLF1 19027825V.1

## Notice

29.    Notice of this Motion will be provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (iii) counsel to the DIP Agent; (iv) counsel to the Ad Hoc Lien Group; (v) the Prepetition ABL Agent; (vi) the Prepetition RCF Agent; (vii) the First Lien Term Loan Agent; (viii) the 9.000% First Lien Notes Trustee/Collateral Agent; (ix) the 6.125% First Lien Notes Trustee/Collateral Agent; (x) the Second Lien Notes Trustee/Collateral Agent; (xi) the Unsecured Notes Trustee/Collateral Agent; (xii) the Internal Revenue Service; (xiii) the United States Attorney's Office for the District of Delaware; (xiv) the Securities and Exchange Commission; (xv) counterparties whose contracts may be affected by the Lease Rejection Procedures and (xvi) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").

30.    While Bankruptcy Rule 6007 requires the Debtors to serve a motion to abandon property on, among other, all of the Debtors' creditors, Local Rule 2002-1(b) abrogates that rule.  Accordingly, the Debtors respectfully submit that no further notice is required.  No previous request for the relief sought herein has been made by the Debtors to this or any other court.

[*remainder of page intentionally left blank*]

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: March 19, 2018
      Wilmington, Delaware

*/s/ Zachary I. Shapiro*
RICHARDS, LAYTON & FINGER, P.A.
Daniel J. DeFranceschi (No. 2732)
Zachary I. Shapiro (No. 5103)
Brendan J. Schlauch (No. 6115)
Brett M. Haywood (No. 6166)
One Rodney Square
910 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile:  (302) 651-7701

- and -

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (*pro hac vice* admission pending)
Matthew S. Barr (*pro hac vice* admission pending)
Ryan Preston Dahl (*pro hac vice* admission pending)
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**Exhibit A**

**Proposed Order**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

------------------------------------------------------------ x
:
In re                                                     :          **Chapter 11**
:
**CLAIRE'S STORES, INC.,** *et al.*,                       :          **Case No. 18– _____**
:
　　　　　　　　　　　　　　　**Debtors.**[1]          :          **(Jointly Administered)**
:
------------------------------------------------------------ x

## ORDER (I) APPROVING
## PROCEDURES FOR REJECTING UNEXPIRED LEASES OF
## NONRESIDENTIAL REAL PROPERTY AND (II) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of Claire's Stores, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for entry of an order (i) authorizing the implementation of procedures for rejecting unexpired leases at Closing Stores (the "**Lease Rejection Procedures**") and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b), and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties; and it appearing that no

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Claire's Inc. (6919); Claire's Stores, Inc. (0416); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Puerto Rico Corp. (6113); and CSI Canada LLC (7936).

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

other or further notice need be provided; and this Court having held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

## IT IS HEREBY ORDERED THAT

1.      The Motion is granted to the extent set forth herein.

2.      The Debtors, in consultation with the Ad Hoc First Lien Group, are authorized, but not directed, to reject leases subject to the Lease Rejection Procedures attached hereto as <u>Exhibit 1</u>, which are approved and incorporated by reference in their entirety.

3.      The Debtors are authorized, but not directed, to abandon any De Minimis Assets.  Any personal property of the Debtors remaining at a Closing Store after the effective date of rejection of the lease shall be deemed abandoned as of the Rejection Date.

4.      With respect to any De Minimis Assets abandoned at one of the Debtors' leased properties, the applicable landlord or other designee shall be free to dispose of such property without liability to any party and without further notice or order of the Court; <u>provided</u> that notwithstanding anything to the contrary in this Order, the Debtors are not authorized hereunder to abandon, and are directed to remove, any hazardous (as such term is defined in federal, state, or local law, rule, regulation, or ordinance) materials at any premises subject to a nonresidential real property lease or sublease.  Landlords' rights, if any, to file claims for the costs of disposal of such property are fully reserved, as are the rights of any party in interest to object to such claims.

2

5.     The Debtors are authorized to pay those reasonable and necessary fees and expenses incurred in the sale, transfer, or abandonment of the De Minimis Assets, including reasonable commission fees to agents, brokers, auctioneers, and liquidators, if any.

6.     Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (iii) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

7.     Notwithstanding anything to the contrary in this Order, any authorization herein shall be subject to the applicable requirements (if any) imposed on the Debtors under any order(s) of this Court approving any postpetition secured debtor-in-possession financing (any such order, a "**DIP Order**"), including, without limitation, any budget in connection therewith. In the event of any conflict between the terms of this Order and a DIP Order, the terms of the applicable DIP Order shall control (solely to the extent of such conflict).

8.     Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

9.     Under the circumstances of these chapter 11 cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

10.     Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

3

11.     The Debtors are authorized to take all action necessary to effectuate the

relief granted in this Order.

12.     The Court shall retain jurisdiction to hear and determine all matters arising

from or related to the implementation, interpretation, and/or enforcement of this Order.


Dated: _____, 2018
          Wilmington, Delaware


_____
   UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

**Lease Rejection Procedures**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

```
------------------------------------------------------------- x
                                                              :
In re                                                         :        Chapter 11
                                                              :
CLAIRE'S STORES, INC., et al.,                                :        Case No. 18– _____
                                                              :
                            Debtors.¹                         :        (Jointly Administered)
                                                              :
------------------------------------------------------------- x
```

## LEASE REJECTION PROCEDURES

1.  <u>Rejection Notice.</u>  The Debtors will file with the Court and serve on the Rejection Notice Parties (as defined herein) a notice (a "**Rejection Notice**"), substantially in the form attached hereto as **<u>Schedule A</u>**, to reject the identified unexpired lease(s) and/or sublease(s) pursuant to section 365 of the Bankruptcy Code, which Rejection Notice shall set forth, among other things: (i) the unexpired lease(s) and/or sublease(s) to be rejected; (ii) the names and addresses of the counterparties to such unexpired lease(s) and/or sublease(s); (iii) the proposed effective date of the rejection for each such unexpired lease(s) and/or sublease(s) (the "**Rejection Date**"); and (iv) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below). The Rejection Notice shall include the proposed order approving rejection of the unexpired lease(s) and/or sublease(s) (the "**Rejection Order**").

2.  <u>Abandonment.</u>  The Debtors will specify in the Rejection Notice whether they intend to abandon any personal property, including inventory, furniture, fixtures, equipment, and/or other material at the leased premises as of the Rejection Date.  Any such property of the Debtors remaining after the Rejection Date shall be deemed abandoned to the applicable lease counterparty without further notice or order of the Court, free and clear of all liens, claims, interests, or other encumbrances.  Any landlord or other designee shall be free to dispose of any such items without notice or liability to any party. Landlords' rights, if any, to file claims for the costs of disposal of such property are fully reserved, as are the rights of all parties in interest to object to such claims.

    With respect to any personal property that is leased to the Debtors by a third party or owned by a third party, such third party shall contact the Debtors and remove or cause to be removed such personal property from the leased premises prior to the Rejection Date. For the avoidance of doubt, if any such personal property remains on the leased premises

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Claire's Inc. (6919); Claire's Stores, Inc. (0416); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Puerto Rico Corp. (6113); and CSI Canada LLC (7936).

after the Rejection Date, the landlord may dispose of any and all such property as set forth above.

3.  <u>Service of the Rejection Notice.</u>  The Debtors will cause the Rejection Notice to be served by overnight mail or email upon (i) the unexpired lease or sublease counterparties affected by the Rejection Notice, and their counsel, if known; (ii) any party known to assert an ownership interest in, or that has filed a UCC-1 statement against, personal property located at the applicable leased premises; (iii) any party known to assert a lien on any real property subject to the Lease; (iv) the Office of the United States Trustee for the District of Delaware; (v) counsel to the DIP Agent, (a) Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, Illinois 60611 (Attn: Richard A. Levy, Esq. (richard.levy@lw.com)), and (b) Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Attn: Annemarie V. Reilly, Esq. (annemarie.reilly@lw.com)); (vi) the Prepetition ABL Agent; (vii) the Prepetition RCF Agent; (viii) the Claire's Stores Term Loan Agent; (ix) the 9.00% First Lien Notes Trustee; (x) the 6.125% First Lien Notes Trustee; (xi) the Second Lien Notes Trustee; (xii) counsel to the Ad Hoc First Lien Group, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019 (Attn: Matthew A. Feldman, Esq. (mfeldman@willkie.com) and Brian S. Lennon, Esq. (blennon@willkie.com)) and Morris, Nichols, Arsht & Tunnell, LLP, Rodney Square, 1201 North Market Street, Wilmington, DE 19899 (Attn: Robert Dehney, Esq. (rdehney@mnat.com)); and (xiii) counsel for any statutory committee appointed in these chapter 11 cases (collectively, the "**Rejection Notice Parties**").

4.  <u>Objection Procedures.</u>  Parties objecting to a proposed rejection or abandonment must file and serve a written objection (an "**Objection**") so that the Objection is filed with the Court and is actually received by (i) the Debtors c/o Claire's Stores, Inc., 2400 West Central Road, Hoffman Estates, IL 60192 (Attn:  Legal Department); (ii) the proposed attorneys for the Debtors, (a) Richards, Layton & Finger, P.A., One Rodney Square, 910 N. King Street, Wilmington, Delaware 19801 (Attn: Daniel J. DeFranceschi, Esq. (defranceschi@rlf.com)) and (b) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, P.C. (ray.schrock@weil.com), Matthew S. Barr, Esq. (matt.barr@weil.com), Ryan Preston Dahl, Esq. (ryan.dahl@weil.com)); and (iii) the Rejection Notice Parties, no later than ten (10) calendar days after the date the Debtors serve the relevant Rejection Notice (the "**Rejection Objection Deadline**"). Each Objection must state with specificity the legal and factual grounds for objection to the proposed rejection.

5.  <u>Event of No Objection.</u>  If no Objection is filed and served by the Rejection Objection Deadline, the Debtors shall submit the proposed Rejection Order to the Court after the Rejection Objection Deadline, and the Court may enter such order without a hearing. The Rejection Order shall set forth the applicable Rejection Date, which shall be (i) the earlier of (a) service of the Rejection Notice, and (b) the Debtors' unequivocal surrender of the leased premises via the delivery of the keys, key codes, and alarm codes to the premises, as applicable, to the applicable lease counterparty, or, if not by delivering such keys and codes, then by providing notice that the landlord may re-let the premises or (ii) as otherwise agreed by the Debtors and the applicable lease counterparty.

6.    <u>Unresolved Objections.</u>  If an Objection is timely filed and not withdrawn or resolved (an "**Unresolved Objection**"), the Debtors shall file a notice for a hearing for the Court to consider the Unresolved Objection at the next scheduled omnibus hearing after the Rejection Objection Deadline, unless the Debtors and lease and sublease counterparties, as applicable, agree to a different hearing date and subject to the Court's schedule.  If the Unresolved Objection is overruled or withdrawn, the effective date of rejection shall be the (i) Rejection Date; (ii) such other date to which the Debtors and the counterparty to the Unresolved Objection have agreed; or (iii) such other date as determined by the Court.  If an Objection is filed for fewer than all of the leases included on the Rejection Notice, the Debtors may proceed with submitting a proposed Rejection Order in accordance with the above procedures for the remaining leases on the Rejection Notice.

7.    <u>Treatment of Security Deposits.</u>  If the Debtors have deposited funds with a lease counterparty as a security deposit or other similar arrangement, such counterparty may not set off or otherwise use such deposit without the prior authorization of this Court or consent of the Debtors.

8.    <u>Deadline to File Proofs of Claims.</u>  Claims arising out of the rejection of lease must be filed on or before the later of (i) the deadline for filing proofs of claims established by this Court in these chapter 11 cases and (ii) thirty (30) days after entry of the applicable Rejection Order.  If a proof of claim is not timely filed, such claimant shall not be treated as a creditor with respect to such claims for voting on any chapter 11 plan in these chapter 11 cases and shall be forever barred from asserting claim for rejection damages and from participating in any distributions made in connection with these chapter 11 cases.

* * * * * * * * * * * * * * * * *

3

## **Schedule A**

**Rejection Notice**

**THIS NOTICE SEEKS TO REJECT CERTAIN UNEXPIRED LEASES AND SUBLEASES OF NONRESIDENTIAL REAL PROPERTY.  PARTIES RECEIVING THIS NOTICE SHOULD REVIEW IT TO SEE IF THEIR NAME(S) AND/OR LEASE(S) ARE SET FORTH IN THE EXHIBITS ATTACHED HERETO TO DETERMINE WHETHER THE NOTICE AFFECTS THEIR LEASE(S).**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

------------------------------------------------------------ x
                                                             :
In re                                                        :    **Chapter 11**
                                                             :
**CLAIRE'S STORES, INC.**, *et al.*,                         :    **Case No. 18– _____**
                                                             :
                                    Debtors.[1]              :    **(Jointly Administered)**
                                                             :
------------------------------------------------------------ x

## NOTICE OF REJECTION OF CERTAIN
## UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY
## AND ABANDONMENT OF PROPERTY IN CONNECTION THEREWITH

**PLEASE TAKE NOTICE** that, on [_____], 2018 (the "**Commencement Date**"), Claire's Stores, Inc. and its debtor affiliates (collectively, the "**Debtors**"), each commenced with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

**PLEASE TAKE FURTHER NOTICE** that, on [_____], 2018, the Bankruptcy Court entered an order approving, among other relief, certain expedited procedures for the rejection of the Debtors' unexpired real property leases and the abandonment of the Debtors' property located at such leased premises [Docket No. ____] (the "**Rejection Procedures Order**"). An electronic copy of the Rejection Procedures Order can found at [_____].

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Rejection Procedures Order, the Debtors hereby give notice of their intent to reject the lease(s) set forth on **Annex A** attached hereto (each, a "**Lease**," and together, the "**Leases**"), effective as of the date of rejection set forth in **Annex A** (the "**Rejection Date**").

**PLEASE TAKE FURTHER NOTICE** that any personal property including inventory, furniture, fixtures, equipment or other materials remaining at the premises subject to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Claire's Inc. (6919); Claire's Stores, Inc. (0416); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Puerto Rico Corp. (6113); and CSI Canada LLC (7936).

the Leases as of the Rejection Date shall be deemed abandoned by the Debtors to the applicable lease counterparty.

   **PLEASE TAKE FURTHER NOTICE** that with respect to any personal property that is leased to the Debtors by a third party or owned by a third party, such third party shall contact the Debtors and remove or cause to be removed such personal property from the leased premises prior to the Rejection Date.  For the avoidance of doubt, if any such personal property remains on the leased premises after the Rejection Date, the landlord may dispose of any and all such property as set forth above.

   **PLEASE TAKE FURTHER NOTICE** that, any party wishing to object to the Debtors' proposed rejection of a Lease or abandonment of personal property remaining on the leased premises, must file with the Bankruptcy Court and serve a written objection setting forth the legal and factual bases for such objection (an "**Objection**") so that it is actually filed with the Bankruptcy Court and served on the following parties no later than ten (10) calendar days after the date of service of this Rejection Notice (the "**Rejection Objection Deadline**"): (i) the Debtors c/o Claire's Stores, Inc., 2400 West Central Road, Hoffman Estates, IL 60192 (Attn: Legal Department); (ii) the proposed attorneys for the Debtors, (a) Richards, Layton & Finger, P.A., One Rodney Square, 910 N. King Street, Wilmington, Delaware 19801 (Attn: Daniel J. DeFranceschi, Esq. (defranceschi@rlf.com)) and (b) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, P.C. (ray.schrock@weil.com), Matthew S. Barr, Esq. (matt.barr@weil.com), Ryan Preston Dahl, Esq. (ryan.dahl@weil.com)); (iii) the applicable counterparty; (iv) the Office of the United States Trustee for the District of Delaware; (v) counsel to the DIP Agent, (a) Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, Illinois 60611 (Attn: Richard A. Levy, Esq. (richard.levy@lw.com)), and (b) Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Attn: Annemarie V. Reilly, Esq. (annemarie.reilly@lw.com)); (vi) the Prepetition ABL Agent; (vii) the Prepetition RCF Agent; (viii) the Claire's Stores Term Loan Agent; (ix) the 9.00% First Lien Notes Trustee; (x) the 6.125% First Lien Notes Trustee; (xi) the Second Lien Notes Trustee; (xii) counsel to the Ad Hoc First Lien Group, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019 (Attn: Matthew A. Feldman, Esq. (mfeldman@willkie.com) and Brian S. Lennon, Esq. (blennon@willkie.com)) and Morris, Nichols, Arsht & Tunnell, LLP, Rodney Square, 1201 North Market Street, Wilmington, DE 19899 (Attn: Robert Dehney, Esq. (rdehney@mnat.com)); (xiii) the Unsecured Notes Trustee; and (xiv) counsel for any statutory committee appointed in these chapter 11 cases.

   **PLEASE TAKE FURTHER NOTICE** that if no Objection is filed and served in compliance with the foregoing, the Debtors may submit to the Bankruptcy Court after the Rejection Objection Deadline a proposed order approving the rejection of the Leases (each such order, a "**Rejection Order**"), substantially in the form attached hereto as **<u>Annex B</u>** and the Bankruptcy Court may enter such order without a hearing.

   **PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Rejection Procedures Order, if no Objection is properly filed and served in compliance with the foregoing, the rejection of each Lease shall become effective as of the Rejection Date, which shall be: (i) the earlier of (a) service of the Rejection Notice, and (b) the Debtors' unequivocal surrender of the leased premises via the delivery of the keys, key codes, and alarm codes to the

2

premises, as applicable, to the applicable lease counterparty, or, if not by delivering such keys and codes, then by providing notice that the landlord may re-let the premises or (ii) as otherwise agreed by the Debtors and the applicable lease counterparty.

**PLEASE TAKE FURTHER NOTICE** that, if an Objection is properly filed and served in compliance with the foregoing, a hearing will be scheduled to consider that Objection. If the Objection is overruled or withdrawn, the effective date of rejection shall be the (i) Rejection Date; (ii) such other date to which the Debtors and the counterparty to the Unresolved Objection have agreed; or (iii) such other date as determined by the Court. If an Objection is filed for fewer than all of the Leases included on the Rejection Notice, the Debtors may proceed with submitting a proposed Rejection Order in accordance with the above procedures for the remaining Leases on the Rejection Notice.

**PLEASE TAKE FURTHER NOTICE** that, to the extent you wish to assert a claim(s) with respect to rejection of your lease, you must do so by the later of (i) the claims bar date established in these chapter 11 cases, if any, and (ii) 30 days after entry of the Rejection Order.

* * * * * * * * * * * * * * * * * *

3

**Annex A**

Form List of Rejected Leases

| Store ID | Landlord or Counterparty Name | Debtor-Tenant | Real Property Lease Address | Rejection Date |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

**<u>Annex B</u>**

**Rejection Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

```
------------------------------------------------------------- x
                                          :
In re                                     :        Chapter 11
                                          :
CLAIRE'S STORES, INC., et al.,            :        Case No. 18– _____
                                          :
                           Debtors.¹      :        (Jointly Administered)
                                          :
------------------------------------------------------------- x
```

**ORDER (I) AUTHORIZING DEBTORS**
**TO (A) REJECT CERTAIN UNEXPIRED LEASES OF**
**NONRESIDENTIAL REAL PROPERTY AND (B) ABANDON PROPERTY**
**IN CONNECTION THEREWITH AND (II) GRANTING RELATED RELIEF**

Pursuant to and in accordance with the *Order (I) Approving Procedures for Rejecting Unexpired Leases of Nonresidential Real Property and (II) Granting Related Relief* [Docket No. ___] (the "**Rejection Procedures Order**")² entered in the above-captioned chapter 11 cases of Claire's Stores, Inc. and its debtor affiliates (collectively, the "**Debtors**"); and the Debtors having properly filed with this Court and served on the Rejection Notice Parties a notice (the "**Rejection Notice**") of their intent to reject certain unexpired leases identified on **Annex A** hereto ("**Leases**") in accordance with the terms of the Rejection Procedures Order, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and no timely objections having been filed to the Rejection Notices; and the Court having found and determined that the relief requested is in the

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Claire's Inc. (6919); Claire's Stores, Inc. (0416); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Puerto Rico Corp. (6113); and CSI Canada LLC (7936).

² Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Rejection Procedures Order.

best interests of the Debtors, their estates, their creditors, and all parties in interest, and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1.      The Leases are hereby rejected as set forth herein, effective as of (i) the earlier of (a) service of the Rejection Notice, and (b) the Debtors' unequivocal surrender of the leased premises via the delivery of the keys, key codes, and alarm codes to the premises, as applicable, to the applicable lease counterparty, or, if not delivering such keys and codes, providing notice that the landlord may re-let the premises or (ii) as otherwise agreed by the Debtors and the applicable lease counterparty (the "**Rejection Date**").

2.      Any and all personal property remaining at the leased premises as of the applicable Rejection Date shall be deemed abandoned upon the Rejection Date without further notice or order of the Court, free and clear of all liens, claims, interests, or other encumbrances. Any landlord or other designee shall be free to dispose of any such items without notice or liability to any party.  The right of any landlord, if any, to file a claim for the costs of disposal of such property is fully reserved, as is the right of all parties in interest to object to such claim.

3.      Nothing contained in this Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; or (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder.

4.      Notwithstanding anything to the contrary in this Order, any authorization herein shall be subject to the applicable requirements (if any) imposed on the Debtors under any order(s) of this Court approving any postpetition secured debtor-in-possession financing (any

2

such order, a "**DIP Order**"), including, without limitation, any budget in connection therewith. In the event of any conflict between the terms of this Order and a DIP Order, the terms of the applicable DIP Order shall control (solely to the extent of such conflict).

5.      Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

6.      The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

7.      Any proofs of claim for rejection damagers or other related claims, if any, asserted by counterparties to the Leases shall be filed on or before the later of (i) the claims bar date established by the Court in these chapter 11 cases, if any, and (ii) thirty (30) days after entry of this Order.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.


Dated: _____, 2018
            Wilmington, Delaware


                                                         _____
                                                         UNITED STATES BANKRUPTCY JUDGE

RLF1 19027825V.1