**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>Claire's Stores, Inc., *et al.*,<br><br>                   Debtors.[1] | Chapter 11<br><br>Case No. 18-10584 (MFW)<br>(Jointly Administered)<br><br>**Hearing Date: June 20, 2018 at 10:30 a.m. (ET)**<br>**Objection Deadline: June 12, 2018 at 4:00 p.m. (ET)**<br><br>**Re D.I. 237, 482, 483** |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO FILE THE OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO MOTION OF DEBTORS FOR ENTRY OF ORDER APPROVING THE PROPOSED DISCLOSURE STATEMENT, ESTABLISHING SOLICITATION AND VOTING PROCEDURES, AND GRANTING RELATED RELIEF UNDER SEAL**

The Official Committee of Unsecured Creditors (the "Committee"), appointed in the above-captioned chapter 11 cases of the above-captioned debtors (collectively, the "Debtors"), hereby moves (the "Motion") the Court for the entry of an order, the proposed form of which is attached hereto as Exhibit A, pursuant to sections 105 and 107 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(d) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Committee to file under seal the *Objection of the Official Committee of Unsecured Creditors to Motion of Debtors for Entry of Order Approving the Proposed Disclosure Statement, Establishing Solicitation and Voting Procedures, and*

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Claire's Inc. (6919); Claire's Stores, Inc. (0416); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Puerto Rico Corp. (76113); and CSI Canada LLC (7936). The Debtors' corporate headquarters and service address is 2400 West Central Road, Hoffman Estates, Illinois 60192.

*Granting Related Relief* [D.I. 483] (the "Objection"),[2] filed contemporaneously herewith.

## RELIEF REQUESTED

1.      By this Motion, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, (i) authorizing the Committee to file the Objection in redacted form, and (ii) granting such other and further relief as requested herein or as the Court otherwise deems necessary or appropriate.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)

3.      Pursuant to Local Rule 9013-1(f), the Committee consents to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

4.      The bases for the relief requested in this Motion are sections 105 and 107 of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

## BACKGROUND

5.      On March 19, 2018, the Debtors filed voluntary petitions for relief pursuant to chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

---

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

6.      On March 27, 2018, the Office of the United States Trustee appointed the Committee.  No trustee or examiner has been appointed in this case.

7.      On April 12, 2018, the Debtors filed the *Motion of Debtors for Entry of Order (I) Approving the Proposed Disclosure Statement and Form and Manner of Notice of Disclosure Statement and Form and Manner of Notice of Disclosure Statement Hearing, (II) Establishing Solicitation and Voting Procedures, (III) Scheduling Confirmation Hearing, (IV) Establishing Notice and Objection Procedures for Confirmation of the Proposed Plan, and (V) Granting Related Relief* [D.I. 237] (the "Disclosure Statement Motion").

8.      Concurrently herewith, the Committee filed the Objection.  The adjudication of the Disclosure Statement Motion and the Objection requires the discussion and review of certain confidential business and commercial terms, including confidential information the Committee received from the Debtors.   Accordingly, the Committee submits that the confidential information constitutes "commercial information" and should be subject to the protections of section 107(b) of the Bankruptcy Code.

9.      Additional facts in support of the specific relief sought herein are set forth in the Objection.

## BASIS FOR RELIEF

10.      Section 107(b) of the Bankruptcy Code authorizes this Court to issue orders that will protect entities from potential harm that may result from the disclosure of certain information.  Specifically, § 107(b)(1) provides that "[o]n request of a party in interest, the bankruptcy court shall protect an entity with respect to a trade secret or confidential research, development, or commercial information."   11 U.S.C. § 107(b)(1).   Section 105(a) of the

Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

11.    Bankruptcy Rule 9018 sets forth the procedures for application made pursuant to section 107 of the Bankruptcy Code, and provides that the Court on a motion or upon its own initiative "may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information."  Fed. R. Bankr. P. 9018.  Local Rule 9018-1(d) further provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect."  Del. Bankr. L.R. 9018-1(d).

12.    Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking protection thereunder to demonstrate "good cause."  *See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d. Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995).  Instead, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is *required* to protect a requesting interested party and has no discretion to deny the application."  *See Orion Pictures*, 21 F.3d at 27 (emphasis in original).

13.    The Court has broad authority to issue a protective order under Bankruptcy Rule 9018.  *See In re Global Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) ("When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad – 'any order which justice requires.'  The Court notes that the authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice.").

14.     The Court has defined "commercial information" as "information which would result in 'an unfair advantage to competitors by providing them with information as to the commercial operations of [an entity].'" *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (*citing Orion Pictures*, 21 F.3d at 27-28).   Moreover, commercial information need only be confidential and commercial in nature; it need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code.  *See Orion Pictures*, 21 F.3d at 28 (noting that an interested party has only to show that the information to be sealed is "confidential and commercial" in nature).

15.     Commercial information includes any information that, if disclosed publicly, would place an entity at a competitive disadvantage.  *See, e.g., Orion Pictures*, 21 F.3d at 27 (defining commercial information as information that would provide an "unfair advantage to competitors"); *In re Dreier LLP*, 485 B.R. at 823–24 (finding that public disclosure of an investment strategy could place the movant at a competitive disadvantage and granting a motion to seal such information).

16.     Here, the information required to adjudicate the Disclosure Statement Motion and the Objection amounts to commercial information that, if disclosed publically, could harm both the Debtors and their estates.   Accordingly, pursuant to § 107(b) and Rule 9018 of the Bankruptcy Rules, the Committee respectfully requests this Court to permit it to file a redacted version of the Objection.

## **NOTICE**

16.     Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel:  (a) the Debtors; (b) the Office of the United States Trustee for the District of Delaware; and (c) those parties requesting notice pursuant to Rule 2002.   The Committee

submits that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Committee respectfully requests that this Court grant the relief requested herein and such other and further relief as the Court deems appropriate.

Dated: June 11, 2018
      Wilmington, Delaware                            BAYARD, P.A.

                                      */s/ Justin R. Alberto*
                                      Justin R. Alberto (No. 5126)
                                      Erin R. Fay (No. 5268)
                                        Gregory J. Flasser (No. 6154)
                                      600 N. King Street, Suite 400
                                      Wilmington, Delaware 19801
                                      Telephone:  (302) 655-5000
                                      Facsimile:  (302) 658-6395
                                      Email: jalberto@bayardlaw.com
                                                efay@bayardlaw.com
                                                gflasser@bayardlaw.com

                                    -and-

                                    COOLEY LLP
                                    Cathy Hershcopf
                                    Seth Van Aalten
                                    Robert Winning
                                    1114 Avenue of the Americas
                                    New York, New York 10036
                                    Telephone: (212) 479-6000
                                    Facsimile: (212) 479-6275
                                    Email: chershcopf@cooley.com
                                                svanaalten@cooley.com
                                                rwinning@cooley.com

                                    *Co-Counsel for the Official Committee of Unsecured Creditors*