**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

```
-------------------------------------------------- x
                                                   :
In re                                              :    Chapter 11
                                                   :
CLAIRE'S STORES, INC., et al.,                     :    Case No. 18-10584 (MFW)
                                                   :
              Debtors.¹                            :    (Jointly Administered)
                                                   :
                                                   :    Objection Deadline: December 11, 2018 at 4:00 p.m. (ET)
                                                   :    Hearing Date: December 18, 2018 at 11:30 a.m. (ET)
-------------------------------------------------- x
```

**SECOND INTERIM AND FINAL APPLICATION OF FTI CONSULTING FOR
ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES
AS FINANCIAL ADVISOR TO THE DEBTORS AND DEBTORS IN POSSESSION
FOR THE PERIOD FROM MARCH 19, 2018 THROUGH OCTOBER 12, 2018**

| | |
|---|---|
| Name of Applicant: | FTI Consulting, Inc. |
| Authorized to Provide Professional Services to: | the above-captioned debtors and debtors in possession |
| Date of Retention: | April 17, 2018 *nunc pro tunc* to March 19, 2018 |
| Interim Compensation Period for which compensation and reimbursement are sought: | July 1, 2018 through October 12, 2018 |
| Amount of interim compensation sought as actual, reasonable, and necessary: | $ 1,748,118.50 |
| Amount of interim expense reimbursement sought as actual, reasonable, and necessary: | $ 82,749.65 |
| Final Compensation Period for which compensation and reimbursement are sought: | March 19, 2018 through October 12, 2018 |

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Claire's Inc. (6919); Claire's Stores, Inc. (0416); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Puerto Rico Corp. (6113); and CSI Canada LLC.  The location of the Debtors' corporate headquarters and the Debtors' service address is 2400 West Central Road, Hoffman Estates, Illinois 60192.

Amount of final compensation sought as
actual, reasonable, and necessary:           $ 3,508,258.50

Amount of final expense reimbursement
sought as actual, reasonable, and necessary:  $ 137,013.78

This is a(n): ____ monthly    __X__ interim    __X__ final application

Prior Applications Filed:

| Date Filed | Period Covered | Fees | Expenses |
|------------|----------------|------|----------|
| 5/17/18 | 3/19/18 - 3/31/18 | $220,454.50 | $6,737.15 |
| 6/25/18 | 4/1/18 - 4/30/18 | $633,386.00 | $18,192.51 |
| 7/27/18 | 5/1/18 - 5/31/18 | $515,626.00 | $13,847.86 |
| 8/14/18 | 6/1/18 - 6/30/18 | $390,673.50 | $15,486.61 |
| 9/19/18 | 7/1/18 - 7/31/18 | $371,368.00 | $23,789.54 |
| 10/25/18 | 8/1/18 - 8/31/18 | $711,721.50 | $36,289.86 |
| 11/20/18 | 9/1/18 – 10/12/18 | $665,029.00 | $22,670.25 |

## INTERIM COMPENSATION BY PROFESSIONAL
### JULY 1, 2018 THROUGH OCTOBER 12, 2018

| PROFESSIONAL | TITLE | BILLING RATE | TOTAL HOURS | TOTAL FEES |
|---|---|---|---|---|
| Buenzow, Michael C | Senior Managing Director | $1,075 | 52.4 | $56,330.00 |
| Imhoff, Dewey | Senior Managing Director | 1,075 | 2.5 | 2,687.50 |
| Stucky, Shannon | Senior Managing Director | 875 | 9.4 | 8,225.00 |
| Hugo, Daniel | Senior Managing Director | 875 | 526.3 | 460,512.50 |
| Khairoullina, Kamila | Managing Director | 825 | 211.0 | 174,075.00 |
| Martin, Brian | Senior Director | 735 | 303.2 | 222,852.00 |
| Hart, Christa | Senior Managing Director | 995 | 42.4 | 42,188.00 |
| Chesley, Rachel | Senior Director | 625 | 1.3 | 812.50 |
| Bruton, Olivia | Director | 525 | 0.9 | 472.50 |
| Hayes, Jackson | Senior Consultant I | 425 | 22.5 | 9,562.50 |
| Fleming, Jill | Managing Director | 780 | 177.5 | 138,450.00 |
| King'ore, Daniel | Senior Consultant | 490 | 139.9 | 68,551.00 |
| Lueder, Blake | Consultant | 345 | 266.3 | 91,873.50 |
| Hayes, John | Consultant | 380 | 640.6 | 243,428.00 |
| McCrory, Luke | Consultant | 380 | 579.6 | 220,248.00 |
| Friedrich, Samuel | Consultant | 345 | 104.7 | 36,121.50 |
| Zhuang, Zheng | Consultant | 500 | 30.0 | 15,000.00 |
| Moon, Yeju | Consultant I | 325 | 5.9 | 1,917.50 |
| Rubey, Eileen | Managing Director | 780 | 72.5 | 56,550.00 |
| **SUBTOTAL** | | | **3,188.9** | **$ 1,849,857.00** |
| **Less: Voluntary Reduction** | | | **(72.5)** | **(56,550.00)** |
| **Less: 50% Travel Reduction** | | | **(68.8)** | **(45,188.50)** |
| **TOTAL** | | | **3,047.6** | **$ 1,748,118.50** |

## FINAL COMPENSATION BY PROFESSIONAL
## MARCH 19, 2018 THROUGH OCTOBER 12, 2018

| PROFESSIONAL | TITLE | BILLING RATE | TOTAL HOURS | TOTAL FEES |
|---|---|---|---|---|
| Buenzow, Michael C | Senior Managing Director | $1,075 | 153.8 | $165,335.00 |
| Imhoff, Dewey | Senior Managing Director | 1,075 | 116.5 | 125,237.50 |
| Steinberg, Darryl | Senior Managing Director | 1,075 | 7.5 | 8,062.50 |
| Hart, Christa | Senior Managing Director | 995 | 42.4 | 42,188.00 |
| Stucky, Shannon | Senior Managing Director | 875 | 9.4 | 8,225.00 |
| Hugo, Daniel | Senior Managing Director | 875 | 979.6 | 857,150.00 |
| Khairoullina, Kamila | Managing Director | 825 | 211.0 | 174,075.00 |
| Fleming, Jill | Managing Director | 780 | 177.5 | 138,450.00 |
| Rubey, Eileen | Managing Director | 780 | 72.5 | 56,550.00 |
| Martin, Brian | Senior Director | 735 | 638.7 | 469,444.50 |
| Paykin, Michael | Senior Director | 735 | 362.0 | 263,553.00 |
| Chesley, Rachel | Senior Director | 625 | 1.3 | 812.50 |
| Gittelman, Jeremy | Senior Consultant | 580 | 1.7 | 986.00 |
| Bruton, Olivia | Director | 525 | 0.9 | 472.50 |
| Zhuang, Zheng | Consultant | 500 | 30.0 | 15,000.00 |
| King'ore, Daniel | Senior Consultant | 490 | 139.9 | 68,551.00 |
| Hayes, Jackson | Senior Consultant I | 425 | 22.5 | 9,562.50 |
| Lee, Theophila | Consultant | 390 | 7.0 | 2,730.00 |
| Hayes, John | Consultant | 380 | 1293.4 | 491,492.00 |
| McCrory, Luke | Consultant | 380 | 1240.5 | 471,390.00 |
| Lueder, Blake | Consultant | 345 | 710.8 | 245,226.00 |
| Friedrich, Samuel | Consultant | 345 | 104.7 | 36,121.50 |
| Moon, Yeju | Consultant I | 325 | 5.9 | 1,917.50 |
| Moore, Teresa | Project Asst. | 250 | 1.0 | 250.00 |
| **SUBTOTAL** | | | **6,330.5** | **$ 3,652,782.00** |
| **Less: Voluntary Reduction** | | | **(72.5)** | **(56,550.00)** |
| **Less: 50% Travel Reduction** | | | **(136.5)** | **(87,973.50)** |
| **TOTAL** | | | **6,121.5** | **$ 3,508,258.50** |

## INTERIM COMPENSATION BY TASK CODE
## JULY 1, 2018 THROUGH OCTOBER 12, 2018

| TASK | DESCRIPTION | TOTAL HOURS | TOTAL FEES |
|------|-------------|-------------|------------|
| AA | Potential Avoidance Actions & Litigation | 7.5 | $ 5,918.50 |
| ACH | Attend Court Hearings | 10.4 | 8,671.50 |
| ACL | Analysis of Claims / Liabilities | 9.1 | 7,581.50 |
| AI | Accounting / AP Cutoff Issues | 8.4 | 2,898.00 |
| BP | Business Plan Projections & Analysis | 14.5 | 7,143.50 |
| CAM | Cash Management Support / Issues | 12.8 | 5,062.00 |
| CL | Cash and Liquidity Analysis | 154.7 | 76,274.50 |
| CLM | Claims Management | 124.1 | 59,249.00 |
| CLS | Closing and Emergence-Related Work | 371.0 | 224,918.50 |
| CM | General Case Management & Administration | 8.9 | 5,493.00 |
| CRR | Case Reporting Requirements (Bankruptcy Related) | 34.8 | 20,790.00 |
| CS | Communication Strategies & Assistance | 62.7 | 40,395.00 |
| CVS | CVS Concessions Support / Issues | 531.3 | 411,492.50 |
| DIPR | DIP Budget Reporting | 31.0 | 14,255.00 |
| DM | General Meetings with Debtor & Debtors' Professionals | 35.6 | 27,157.50 |
| EC | Analysis of Employee Compensation, Retention Plans and Incentive Programs | 11.9 | 9,942.50 |
| ECA | Executory Contract Analysis | 156.0 | 96,849.00 |
| FA | Preparation of Compensation Reports / Fee Applications | 79.8 | 32,263.00 |
| FDM | First Day Motions Tracking | 30.0 | 11,400.00 |
| FN | Finance Matters (DIP, Exit, Other) and Related Reporting | 49.6 | 27,391.00 |
| ICC | Analyze Intercompany Claims, Related Party Transactions, Subcon | 13.7 | 7,957.50 |
| LA | Liquidation Analysis | 39.1 | 29,984.50 |
| LITS | Litigation Support | 52.4 | 35,140.50 |
| LN | Lender Diligence (Non-DIP Lender) | 192.7 | 109,227.50 |
| MM | Analysis of Other Miscellaneous Motions | 2.4 | 2,122.00 |
| MOR | Monthly Operating Reports | 24.1 | 10,922.00 |
| OR | Current Operating Results & Events | 20.5 | 14,646.50 |
| PCH | Prepare for Court Hearings | 13.6 | 13,560.00 |
| POR | Analysis, Negotiate and Form POR & DS | 67.4 | 44,878.00 |
| RE | Real Estate Issues / Landlord Negotiations / Lease Assistance & Analysis | 680.6 | 303,615.50 |
| SAL | Sale Process Support | 16.8 | 16,750.00 |
| SS | Preparation & Analysis of SOFAs and SOALs | 0.6 | 292.00 |
| TR | Travel Time | 137.6 | 90,377.00 |
| TV | Vendor Management Support / Trade Vendor Issues | 60.7 | 23,377.50 |
| UCC | Meetings with UCC & UCC Counsel | 9.6 | 5,720.50 |
| UCCI | UCC & UCC Counsel Matters & Information Requirements | 14.0 | 8,597.00 |
| UST | US Trustee Information / Reporting Requirements | 3.6 | 3,051.00 |
| UTL | Utility Matters & Support / Adequate Assurance | 82.3 | 28,920.50 |
| VAL | Valuation and Related Matters | 13.1 | 5,572.00 |
| **SUBTOTAL** | | **3,188.9** | **1,849,857.00** |
| **Less: Voluntary Reduction** | | **(72.5)** | **(56,550.00)** |
| **Less: 50% Travel Reduction** | | **(68.8)** | **(45,188.50)** |
| **TOTAL** | | **3,047.6** | **$ 1,748,118.50** |

## FINAL COMPENSATION BY PROJECT CATEGORY
## MARCH 19, 2018 THROUGH OCTOBER 12, 2018

| TASK | DESCRIPTION | TOTAL HOURS | TOTAL FEES |
|------|-------------|-------------|------------|
| AA | Potential Avoidance Actions & Litigation | 11.8 | $ 9,079.00 |
| ACH | Attend Court Hearings | 26.6 | 21,814.50 |
| ACL | Analysis of Claims / Liabilities | 34.6 | 27,217.00 |
| AI | Accounting / AP Cutoff Issues | 17.9 | 8,293.00 |
| BP | Business Plan Projections & Analysis | 30.4 | 14,832.00 |
| CAM | Cash Management Support / Issues | 44.2 | 23,199.00 |
| CL | Cash and Liquidity Analysis | 395.8 | 199,206.50 |
| CLM | Claims Management | 125.8 | 59,895.00 |
| CLS | Closing and Emergence-Related Work | 371.0 | 224,918.50 |
| CM | General Case Management & Administration | 37.9 | 24,137.50 |
| CRR | Case Reporting Requirements (Bankruptcy Related) | 58.6 | 32,818.00 |
| CS | Communication Strategies & Assistance | 69.6 | 45,585.50 |
| CVS | CVS Concessions Support / Issues | 531.3 | 411,492.50 |
| DIPLD | DIP Lender Diligence | 4.8 | 4,227.00 |
| DIPR | DIP Budget Reporting | 97.0 | 49,214.50 |
| DM | General Meetings with Debtor & Debtors' Professionals | 137.3 | 90,987.00 |
| EC | Analysis of Employee Compensation, Retention Plans and Incentive Programs | 241.0 | 223,182.00 |
| ECA | Executory Contract Analysis | 158.1 | 98,392.50 |
| FA | Preparation of Compensation Reports / Fee Applications | 146.8 | 64,344.50 |
| FDM | First Day Motions Tracking | 113.1 | 44,106.00 |
| FN | Finance Matters (DIP, Exit, Other) and Related Reporting | 207.8 | 126,539.50 |
| ICC | Analyze Intercompany Claims, Related Party Transactions, Subcon | 22.2 | 14,999.00 |
| INV | Investor Diligence | 5.3 | 2,014.00 |
| LA | Liquidation Analysis | 169.9 | 127,978.00 |
| LITS | Litigation Support | 53.1 | 35,893.00 |
| LN | Lender Diligence (Non-DIP Lender) | 237.7 | 142,004.00 |
| MM | Analysis of Other Miscellaneous Motions | 23.3 | 16,499.50 |
| MOR | Monthly Operating Reports | 153.3 | 72,333.00 |
| OAK | Oaktree Diligence Requests | 1.6 | 1,435.00 |
| OR | Current Operating Results & Events | 31.8 | 22,952.00 |
| PCH | Prepare for Court Hearings | 35.4 | 30,219.50 |
| POR | Analysis, Negotiate and Form POR & DS | 167.9 | 118,065.50 |
| RE | Real Estate Issues / Landlord Negotiations / Lease Assistance & Analysis | 799.2 | 368,311.00 |
| SAL | Sale Process Support | 24.5 | 24,707.50 |
| SS | Preparation & Analysis of SOFAs and SOALs | 257.9 | 141,665.00 |
| STO | Store Closure Support | 2.6 | 2,007.50 |
| TR | Travel Time | 272.9 | 175,909.00 |
| TV | Vendor Management Support / Trade Vendor Issues | 469.8 | 216,315.00 |
| TX | Analysis of Tax Issues | 7.7 | 8,203.50 |
| UCC | Meetings with UCC & UCC Counsel | 34.8 | 24,809.50 |
| UCCI | UCC & UCC Counsel Matters & Information Requirements | 50.6 | 36,960.50 |
| UST | US Trustee Information / Reporting Requirements | 81.1 | 45,999.50 |
| UTL | Utility Matters & Support / Adequate Assurance | 536.5 | 202,782.50 |
| VAL | Valuation and Related Matters | 17.0 | 9,644.50 |
| **SUBTOTAL** | | **6,330.5** | **3,652,782.00** |
| **Less: Voluntary Reduction** | | **(72.5)** | **(56,550.00)** |
| **Less: 50% Travel Reduction** | | **(136.5)** | **(87,973.50)** |
| **TOTAL** | | **6,121.5** | **$ 3,508,258.50** |

**INTERIM EXPENSE SUMMARY**
**JULY 1, 2018 THROUGH OCTOBER 12, 2018**

| EXPENSE CATEGORY | | AMOUNT |
|---|---|---|
| Airfare | $ | 24,015.42 |
| Business Meals | | 7,245.65 |
| Ground Transportation | | 37,580.51 |
| Lodging | | 13,908.07 |
| **TOTAL** | **$** | **82,749.65** |

## FINAL EXPENSE SUMMARY
## <u>MARCH 19, 2018 THROUGH OCTOBER 12, 2018</u>

| EXPENSE CATEGORY | | AMOUNT |
|---|---|---|
| Airfare | $ | 37,290.97 |
| Business Meals | | 14,999.88 |
| Ground Transportation | | 58,309.68 |
| Lodging | | 26,413.25 |
| **TOTAL** | **$** | **137,013.78** |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **CLAIRE'S STORES, INC.,** *et al.*, | : | **Case No. 18-10584 (MFW)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
---------------------------------------------------------x

**SECOND INTERIM AND FINAL FEE APPLICATION OF**
**FTI CONSULTING, INC.**
**FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT**
**OF EXPENSES AS FINANCIAL ADVISOR TO THE DEBTORS**
**FOR THE PERIOD FROM MACH 19, 2018 THROUGH OCTOBER 12, 2018**

FTI Consulting, Inc. ("FTI"), as financial advisor to the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), hereby submits its combined second interim and final fee application (the "Application"), pursuant to section 331 of title 11 of the United States Code, 11 U.S.C. §§101 et seq, as amended (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Retention Order (as defined below),the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and (II) Granting Related Relief*, April 17, 2018 [Docket No. 292] (the "Interim Compensation Order"), and the *Order (I) Confirming Third Amended Joint Chapter 11 Plan of Claire's Stores, Inc. and its Debtor Affiliates and (II) Granting Related Relief* [Docket No. 1040] (the "Confirmation Order"), requesting allowance and approval, on a final basis, for payment of compensation for fees and reimbursement of expenses for the period from March 19, 2018 through October 12, 2018. In support hereof, FTI respectfully represents as follows:

## I. JURISDICTION, VENUE AND STATUTORY
## PREDICATES FOR RELIEF SOUGHT

1.        This Court has jurisdiction over this Application pursuant to 28 U.S.C. §1334.  This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (B).  Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicate for the relief sought herein is section 331 of the Bankruptcy Code.

## II.  BACKGROUND

2.        On March 19, 2018 (the "Commencement Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Between the Commencement Date and the Effective Date, the Debtors were authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On March 27, 2018, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 176].  No trustee or examiner has been appointed in these chapter 11 cases.

3.        On April 17, 2018, this Court entered an Order [Docket No. 290] (the "Retention Order") approving the retention of FTI as financial advisor to the Debtors *nunc pro tunc* to the Commencement Date.

4.        On September 21, 2018, the Court entered the Confirmation Order, confirming the Third Amended Joint Chapter 11 Plan of Reorganization of Claire's Stores, Inc. and its Debtor Affiliates. The Plan was substantially consummated, and the Effective Date occurred, on October 12, 2018.

## III.  SUMMARY OF FEES

5.        FTI has rendered services on behalf of the Debtors for the period from July 1, 2018 through October 12, 2018 (the "Interim Compensation Period"), totaling 1,238.0

hours of professional time.  FTI has rendered services on behalf of the Debtors for the period from March 19, 2018 through October 12, 2018 (the "Final Compensation Period"), totaling 3,047.6 hours of professional time.

6.     In accordance with the Retention Order and to assist the Court and parties in interest with their review of the fees sought by FTI, FTI has separated its time entries into various task categories.  The following is a summary of the significant categories for which professional services were rendered by FTI during the Second Interim and Final Compensation Periods.  If a task category does not appear below, then FTI did not bill significant time for that task category during the periods.  This summary is organized in accordance with FTI's internal system of task categories.

**a.  *Cash & Liquidity Analysis (CL) – Interim: 154.7 hours totaling $76,274.50 in fees; Final: 395.8 hours totaling $199,206.50***

- Assisted the Debtors in developing a cash flow forecast model used to monitor and project the Debtors' short-term and long-term cash flow positions.  FTI aided the Debtors in all aspects of this analysis, including but not limited to:
  - (i)    Developing a process to maintain and update a rolling cash flow forecast report, including supporting analyses, footnotes and key assumptions;
  - (ii)   Worked with the Debtors' personnel to evaluate assumptions used to forecast cash receipts and disbursements;
  - (iii)  Assisted the Company with the reconciliation of the cash flow projections to the business plan projections;
  - (iv)   Gathered actual cash flow data for comparison to the cash flow projections for variance analysis; and,
  - (v)    Assisting the Company with variance reporting and responding to questions from various constituents.
- Assisted the Debtors' with various ad hoc analyses as requested by management.

**b.  *Closing and Emergence-related Work (CLS) – Interim and Final: 371.0 hours totaling $224,918.50 in fees***

- Prepared the Debtors to close the Transactions, detailed in the Plan, and emerge from Chapter 11 Bankruptcy on the October 12, 2018 Effective Date.
- Managed the Rights Offering process and allocation of Exit Term Loan and Exit Preferred Stock to all parties who participated in the Rights Offering.
- Created the funds flow utilized by the disbursement agent to make all payments necessary for the Plan to become Effective.
- Worked with Debtor and Lender professionals to deal with any other issues or open items, in order to ensure the Debtors' plan became Effective on the desired date.

c. ***Communications Strategies & Assistance (CS) – Interim: 62.7 hours totaling $40,395.00 in fees; Final: 69.6 hours totaling $45,585.50 in fees***

- Coordinated with the Debtors to prepare various communications materials related to the Bankruptcy, focusing on communications at m
- Prepared materials to assist management in communicating with third parties, including the media, as well as explaining that situation to Debtors' employees.
- Monitored all media reports related to the Debtors' Bankruptcy and Emergence, and provided updates to management.

d. ***CVS Concessions Support / Issues (CVS) – Interim and Final: 531.3 hours total $411,492.50 in fees***

- Worked with the Debtors to prepare a detailed analysis of current implementation issues at CVS concessions locations, including building out an in-depth replenishment algorithm, using SKU-level analysis on a store-by-store basis.
- Met with many of the Debtors' personnel involved with the concessions business to develop an understanding of the core drivers of that business segment, which were utilized in the development of the replenishment algorithm.
- Proposed various solutions and potential next steps to improve CVS concessions performance, and presented findings to the Debtors' Executive Management team.

e. ***DIP Budget Reporting (DIPR) – Interim: 31.0 hours totaling $14,255.00 in fees; Final: 97.0 hours totaling $49,214.50 in fees***

- Prepared the Debtors to fulfill the reporting requirements as outlined within the DIP credit agreement, including participating in various meetings with the Debtors to review covenants and reporting cadences.

f. ***General Meetings with Debtor & Debtors' Professionals (DM) – Interim: 35.6 hours totaling $27,157.50 in fees; Final: 137.3 hours totaling $90,987.00 in fees***

- Participated in numerous in-person and telephonic meetings with the Debtors' management, employees and various professional advisors covering topics such as the Debtors' chapter 11 cases generally, interpretation of court orders, order issues and general business issues.

g. ***Analysis of Employee Compensation, Retention Plans and Incentive Programs (EC) – Interim: 11.9 hours totaling $9,942.50 in fees; Final: 241.0 hours totaling $223,182.00 in fees***

- Worked with the Debtors and Debtors' counsel in accumulating the information and data items that would be responsive to internal data requirements, external inquiries, organizing the document flow and providing appropriate parties access to the information.
- Prepared the employee compensation, retention and incentive study used as the basis for the Debtors' incentive and retention programs.

h. ***Executory Contract Analysis (ECA) – Interim: 156.0 hours totaling $96,849.00 in fees; Final: 158.1 hours totaling $98,392.00 in fees***

- Coordinated comprehensive review of the Debtors' executory contracts by department, including supporting analysis and related communications.
- Assisted the Debtors with their review of renegotiation opportunities, including calculations of potential savings by contract and cure amount reconciliations.
- Prepared Plan Supplement exhibits and other supporting schedules for the Debtors' management team.

i. ***Preparation of Compensation Reports / Fee Applications (FA) – Interim: 79.8 hours totaling $32,263.00 in fees; Final: 146.8 hours totaling $64,344.50 in fees***

- Incurred time included in this category related to preparing the monthly fee statement text and reviewing and revising the time detail and expense descriptions into a standard format to ensure the timely and efficient preparation of all monthly fee statements and interim fee applications in future periods.

j. ***First Day Motions Tracking (FDM) – Interim: 30.0 hours totaling $11,400.00 in fees; Final: 113.1 hours totaling $44,106.00 in fees***

- Assisted the Debtors with implementation of various First Day Orders.
- Coordinated with the Debtors and the Debtors' counsel to administer and track pre-petition payments made pursuant to the First Day Orders as required by the Court.
- Performed activities such as assisting the Debtors and Debtors' counsel with defining and implementing an internal approval process for payment of pre-

petition amounts pursuant to First Day Orders and evaluating various requests for treatment under the First Day Orders.
- Assisted the Debtors with devising and implementing various internal procedures to gather operational and financial data relative to business dealing and transactions that require formal notice or Court approval..

### k. *Finance Matters (DIP, Exit, Other) and Related Reporting (FN) – Interim: 49.6 hours totaling $27,391.00 in fees; Final: 207.8 hours totaling $126,539.50 in fees*

- Assisted the Debtors with the development of materials related to the execution of the DIP financing transaction.
- Participated in various discussions with the Debtors, the Debtors' professionals and the DIP lender to plan and manage the funding of the DIP facility.
- Attended finance committee meetings with the Debtors, the Debtors' professionals and members of the Debtors' board of directors.
- Assisted the Debtors with various other financial analyzes and summaries, related to performance during the Bankruptcy cases.

### l. *Liquidation Analysis (LA) – Interim: 39.1 hours totaling $29,984.50 in fees; Final: 169.9 hours totaling $127,978.00 in fees*

- Worked with the Debtors' counsel to develop core assumptions of the hypothetical liquidation analysis.
- Developed the hypothetical liquidation analysis, which illustrated that the plan of reorganization met the best interests of creditors test.

### m. *Lender Diligence (LN) – Interim: 192.7 hours total ing$109,227.50 in fees; Final: 237.7 hours totaling $142,004.00 in fees*

- Worked with the Debtors to prepare various deliverables and analyses in response to diligence requests from First-Lien and Second-Lien lender groups.
- Participated in various discussions with First-Lien and Second-Lien lenders' advisors regarding prepared analyses and subsequent diligence requests.

### n. *Monthly Operating Reports (MOR) – Interim: 24.1 hours totaling $10,922.00 in fees; Final: 153.3 hours totaling $72,333.00 in fees*

- Worked with the Debtors' counsel to prepare an initial draft of a proposed MOR format that would be used as the basis for future discussion with the Office of the United States Trustee regarding the preparation and filing of the MOR on a monthly basis.
- Participated in meetings with representatives of the Debtors' finance, accounting, treasury and legal departments to obtain information required for the monthly operating report.

- Expended significant effort working with the Debtors' personnel in
  reviewing and analyzing the information, as well as assisting with
  organizing and formatting the data as required by the monthly operating
  report.

***o.  Analysis, Negotiate and Form POR & DS (POR) – Interim: 67.4 hours totaling
$44,878.00 in fees; Final: 167.9 hours totaling $118,065.50***

- Worked with the Debtors and Debtors' Counsel to prepare a comprehensive
  and detailed work plan and process for developing the Plan of
  Reorganization and Disclosure Statement, including a process for estimating
  claim amounts.
- Assisted the Debtors and Debtors' Counsel in developing key assumptions
  behind the Plan of Reorganization and Disclosure Statement.
- Constructed various financial models and supporting analyses and
  participated in various discussions with the Debtors' finance and accounting
  personnel to prepare the financial information provided in the Plan of
  Reorganization and Disclosure Statement.

***p.  Real Estate Issues / Landlord Negotiations / Lease Assistance & Analysis (RE)
– Interim: 680.6 hours totaling $303,615.50 in fees; Final: 799.2 hours totaling
$368,311.00 in fees***

- Worked with the Debtors and the Debtors' real estate professionals to
  prepare various analyses for the Debtors' lease rationalization strategy.
- Assisted the Debtors with fulfilling information requests and inquiries from
  various constituents.
- Participated in various discussions with the Debtors and the Debtors' real
  estate professionals regarding key initiatives, lease negotiations, and
  rationalization strategy.
- Assisted the Debtors with reviewing and analyzing occupancy savings as a
  result of the Debtors' lease rationalization strategy and progress in lease
  negotiations.
- Prepared and tracked the status of lease negotiations across the store
  portfolio on a daily basis to assist Debtors in monitoring progress.
- Assisted the Debtors with reviewing and abstracting lease documentation as
  a result of the lease negotiation process.

***q.  Preparation & Analysis of SOFAs and SOALs (SS) – Final: 257.9 hours
totaling $141,665.00 in fees***

- Participated in organizational meetings with the Debtors and the Debtors'
  professionals to establish a process and timeline for filing the Statements
  and Schedules.

- Assisted with the process of preparing and reconciling the Debtors' trial balance and balance sheet information to ensure completeness of information on a legal entity basis.
- Gathered data from various functions within the Debtors.
- Participated in numerous status update meetings and conference calls with the Debtors and the Debtors' professionals to discuss and resolve issues related to the collection and presentation of information for inclusion in the Statements and Schedules.
- Analyzed individual invoice level detail contained in the accounts payable system to understand the nature of trade payable obligations and the correct treatment from a legal entity perspective.
- Assisted the Debtors in research to determine the active or inactive status of individual debtor entities.
- Compiled workpapers in support of the Statements and Schedules.
- Reviewed and reconciled information for a considerable amount of time to ensure accuracy and completeness in reporting the information in the Statements and Schedules based on the overall approach and protocol.

r. ***Vendor Management Support / Trade Vendor Issues (TV) – Interim: 60.7 hours totaling $23,377.50 in fees; Final: 469.8 hours totaling $216,315.00 in fees***

- Worked with the Debtors in identifying potential essential vendors and addressing the various issues and concerns from the vendor community following the chapter 11 filing.
- Prepared and distributed vendor trade agreements to critical and foreign vendors in addition to managing and tracking vendor responses.
- Assisted during negotiations with various vendor constituents, including reconciling prepetition amounts owed and documenting key terms and conditions.
- Provided regular updates on the status of vendor negotiations and overall vendor progress to both internal and external parties.

s. ***Utility Matters & Support / Adequate Assurance (UTL) – Interim: 82.3 hours totaling $28,920.50 in fees; Final: 536.5 hours totaling $202,782.50 in fees***

- Participated in various discussions with the Debtors, Debtors' counsel and Debtors' utility aggregators to ensure compliance with required bankruptcy rules, including pre vs. post-petition cutoffs and noticing procedures.
- Worked with the Debtors, Debtors' counsel, and Debtors' utility aggregators to define and implement an internal escalation process to address service disruptions, adequate assurance requests, and other issues arising from the chapter 11 filings.
- Assisted the Debtors with addressing various service disruptions and issues resulting from the bankruptcy filing.

- Coordinated with the Debtors and Debtors' counsel to reconcile, negotiate and address various utility providers' requests for additional adequate assurance deposits.

7.     The total sum due to FTI for professional services rendered on behalf of the Debtors is $1,748,118.50 for the Interim Compensation Period and $3,508,258.50 for the Final Compensation Period.  FTI submits that the professional services it rendered on behalf of the Debtors during the periods were reasonable and necessary. In addition to the fees being requested in this Application, FTI incurred additional fees of approximately $101,738.50 in the Interim Compensation Period and $144,523.50, working on behalf of the Debtors that have been voluntarily excluded from this application. FTI will not seek to be paid for this time which includes unbilled travel time and general and administrative time.

8.     FTI also expended costs on behalf of the Debtors in the sum of $82,749.65 during the Interim Compensation Period and $137,013.78 in the Final Compensation Period.

9.     FTI accordingly seeks allowance of the sum of $1,748,118.50 in fees and $82,759.65 in expenses, for a total of $1,830,878.15 in the Interim Compensation Period. FTI accordingly seeks allowance of the sum of $3,508,258.50 in fees and $137,013.78 in expenses, for a total of $3,645,272.28 in the Final Compensation Period.

## IV. REQUESTED COMPENSATION SHOULD BE ALLOWED

10.     Section 330 of the Bankruptcy Code provides that a Court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

In determining the amount of reasonable compensation to be awarded to [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

    (A) the time spent on such services;

    (B) the rates charged for such services;

    (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

    (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

    (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

    (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

11.    In the instant case, FTI submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for and beneficial to the preservation and maximization of value for all stakeholders and to the orderly administration of the Debtors' chapter 11 estates. The compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

12.    Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the issues and tasks involved. The professional services were performed skillfully and efficiently.

13.    In sum, the services rendered by FTI were necessary and beneficial to the Debtors' estates. Accordingly, approval of the compensation for professional services and reimbursement of expenses sought in this Application is warranted.

## V. <u>CERTIFICATION OF COMPLIANCE AND WAIVER</u>

14.    The undersigned representative of FTI certifies that he has reviewed the requirements of Local Rule 2016-2 and that the Application substantially complies with that Local Rule except to the extent waived by the Retention Order or otherwise modified by orders of this Court. To the extent that the Application does not comply in all respects with the requirements of Local Rule 2016-2, as so modified, FTI believes that such deviations are not material and respectfully requests that any such requirement be waived.

## VI. <u>NOTICE</u>

15.    Notice of this Application will be provided via U.S. first class mail to: (i) the Office of the United States Trustee for the District of Delaware; and (ii) all parties who filed a request for service of notices under Bankruptcy Rule 2002.  FTI respectfully submits that no further notice is necessary under the circumstances.  No previous request for the relief sought herein has been made by FTI to this or any other Court.

WHEREFORE, FTI respectfully requests that the Court authorize that for the Final Compensation Period, a final allowance be made to FTI, pursuant to the terms of the Interim Compensation Order, with respect to the sum of $3,508,258.50 as compensation for necessary professional services rendered, and the sum of $137,013.78 as reimbursement of actual necessary costs and expenses, for a total of $3,645,272.28 and that such sums be authorized for payment and for such other and further relief as this Court may deem just and proper.

Dated:   November 20, 2018
         Chicago, IL

Respectfully submitted,

**FTI CONSULTING, INC.**

*/s/ Michael C. Buenzow*
Michael C. Buenzow
FTI Consulting, Inc.
227 West Monroe Street, Suite 900
Chicago, IL 60606
Telephone:  312-252-9333
michael.buenzow@fticonsulting.com

Financial Advisor to the Debtors and
Debtors-in-Possession

## **CERTIFICATION OF COMPLIANCE WITH DEL. BANKR. L.R. 2016-2**

I, Michael C. Buenzow, on the 20th Day of November, certifies as follows:

a)      I am a Senior Managing Director of applicant FTI Consulting, Inc. ("<u>FTI</u>").

b)      I am familiar with the work performed by FTI on behalf of the Debtors.

c)      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. L.R. 2016-2, and submit that the Application substantially complies with such rule.

*/s/ Michael C. Buenzow*
Michael C. Buenzow
