FILED
2018 AUG 20 AM 8:45
CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE WEINSTEIN COMPANY HOLDINGS LLC, *et al.*, | Case No. 18-10601 (MFW) |
| | (Jointly Administered) |
| Debtors. | Hearing Date: September 5, 2018 @ 11:30 a.m.<br>Objection Deadline: August 23, 2018, @4:00 p.m. |

# CLAIMANTS RESPONSE TO THE WEINSTEIN COMPANY HOLDINGS LLC BANKRUPTCY TO THE CLAIMS OF PAMELA SWAIN vs HARVEY WEINSTEIN, THE WEINSTEIN COMPANY LLC, AND LANTERN ENTERTAINMENT LLC CASE NO: 2018-V-113-JS

Pamela Swain (Claimant, Plaintiff) files her response to THE WEINSTEIN COMPANY HOLDINGS LLC inevitable bankruptcy due to illegal financial and civil activities against businesses and individuals in violation of rights and privacy. The Plaintiff, Pamela Swain, (Here to after called Plaintiff) filed civil suit 2018-V-113-JS against Harvey Weinstein and The Weinstein Company LLC (Here after called Defendant) due the extensive stalking, harassing, and unlawful repetitive negative engagement of said plaintiff. Sufficient evidence naming said defendant while he still held an ownership position at TWC LLC along with his brother gives the Plaintiff confident assertions that the Defendants did indeed stalk and harass the Plaintiff close to 4 years incessantly.

RELEVANT BACKGROUND

1. November 2013 – Plaintiff contacted online by fake account.
2. February 2014 – Yahoo accounts broken into and reported.
3. March 2014 – Beginning emails from other countries and language. Offers for sexual favors through online social media.
4. March 2014- November 2015 – Identity compromised. Cell phone, devices, and accounts continued to be infiltrated.
5. December 2015 – Death threat. Perpetrator identifies himself.
6. January 2016 – Police reports on death threat and strangers trespassing on property.
7. January 2016 – September 2017 – continued incessant hacking and harassing. Documented attempted break ins into phone and yahoo accounts.
8. September 2017 – Perpetrator says that the Plaintiff will be 'picked' up by black 'suburbans'. Identifies several politicians that are also stalking.
9. October 2017 – Weinstein scandal erupts. Defendant fired from OWN COMPANY. Over 80 women come forth to testify of Defendant's sexually illegal activities of rape, harassment, kidnapping, stalking, and revenge tactics while using personal companies like THE WEINSTEIN COMPANY and MIRAMAX/DISNEY as a means to seek, to harass, and to sexually violate females

in employment of said company or women of the entertainment industry (actresses, writers, etc.)

10. November/ December 2017 – Plaintiff files civil suit 101753/2017 for harassment, stalking, and cyber bullying after attempts to press criminal charges fail due to political corruption.
11. February 2018 – Plaintiff still gets harassed by the defendant through texts.
12. March 2018 – Plaintiff's case gets illegally dismissed without proper notification violating her right for justice and not allowing a restraining protective order to be placed on the defendant.
13. May 2018 – Plaintiff was contacted and stressed that she had no choice but to be with Weinstein in a relationship.
14. August 2018 – People discussed on "kiwifarms.net" that "Pamela" would be delivered to "Harvey Weinstein".

## LEGAL STANDARDS

Due to the Defendants perverse political connections and debauched bribes, the laws of the states and the US Government were flouted against other Americans at the whim of wealthy psychopaths. The laws, starting with Federal statutes are as follows:

- (Federal) 18 U.S. Code § 2261A – Stalking; 18 U.S.C. § 2262 (Violence Against Women Act);18 U.S.C. 875(c)
- (Georgia) O.C.G.A. § 16-5-90 Stalking; psychological evaluation; O.C.G.A. § 16-5-91. Aggravated stalking; O.C.G.A. § 16-5-93. Right of victim to notification of release or escape of stalker.
- (New York) S 120.45 Stalking in the fourth degree; S 120.50 Stalking in the third degree; S 120.55 Stalking in the second degree; S 120.60 Stalking in the first degree; § 240.21 - 240.32 Aggravated Harassment; S 240.40 - 60 Aggravated Stalking.

Aggravated harassment in the second degree occurs when, with the intent to harass, annoy, threaten, or alarm another person they: *communicate with a person, anonymously or not, by telephone, mail, or other written communication in a manner likely to cause annoyance or alarm*; causes a communication of this kind to take place; makes a telephone call, whether or not a conversation takes place, with <u>no purpose of legitimate communication</u>; strikes, or attempts or threatens to strike, a person on account of their perceived race, color, national origin, ancestry, gender, religion, age, disability, or sexual orientation; strikes someone causing an injury to them; or is a repeat harassment offender.

Aggravated harassment in the second degree is a class A misdemeanor.

Stalking in the 4th degree: intentionally and with no legitimate purpose engages in conduct that s/he knows or should reasonably know: will cause reasonable fear of material harm to victim or member of victim's immediate family or causes material harm to mental or emotional health of victim or member of victim's immediate family or causes a reasonable fear that victim's employment or business is threatened; 3rd degree: Same as 4th degree when: 3 or more victims involved or victim has reasonable fear of physical harm or serious bodily injury; 2nd degree: same as 3rd degree when a weapon is involved in commission or 2nd conviction within 5 yrs. or if victim is 14 or under and actor is 21 or older; 1st degree: same as 3rd or 2nd degree with intentional or reckless physical harm to victim.

4th degree is a Class B misdemeanor. 3rd degree is a Class A misdemeanor. 1st degree is a Class D felony.

With the blatant attempts to avoid the consequences of the crimes committed and being held accountable, the Plaintiff is aware of the defendants' money, power, position, and resources to "stack the deck' against people looking for compensation for said crimes. Also, the defendants were notorious for incurring debt and 'squelching' on those debts many times evidenced by the defendant use of bankruptcy court to avoid payment of all debts and any civil suits.

WHEREFORE, the PLAINTIFF wishes a settlement of 9.5 million in damages and a permanent restraining and protective order placed on Harvey Weinstein to protect Miss Swain in the future. The Plaintiff retains evidence of the defendant using email, social media, and even in person harassment at the plaintiff's home for case validation. The plaintiff's case is current within the statute of limitations of defendant's actions and seeks permanent creditor status due to criminal, physical, and emotional damages caused by the defendants, Harvey Weinstein and THE WEINSTEIN COMPANY, LLC, LANTERN ENTERTAINMENT, LLC.

NO NONDISCLOSURE AGREEMENT WILL BE SIGNED BY THE PLAINTIFF.