IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| THE WEINSTEIN COMPANY HOLDINGS LLC, *et al.*, | : | Case No. 18-10601 (MFW) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |
| | | Re: Docket No. 1825 |

------------------------------------------------------------x

**ORDER (I) ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM, (II) ESTABLISHING DEADLINES FOR FILING REQUESTS FOR PAYMENT OF POSTPETITION ADMINISTRATIVE EXPENSES, (III) APPROVING FORM AND MANNER OF NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**") (i) establishing deadlines and requirements for filing proofs of claim against the Debtors and requests for payment of postpetition administrative expenses in these chapter 11 cases and (ii) approving the form and manner of notice thereof, pursuant to sections 501, 502, 503, and 1111(a) of chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002 and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*

---

[1] The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837).  The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013.  Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

[2] All capitalized terms used but not otherwise defined herein shall have respective the meanings ascribed to such terms in the Motion.

dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and a hearing (if any) having been held to consider the relief requested in the Motion; and the Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted.

2. Unless otherwise provided herein, the following Bar Dates (as defined below) are hereby established in these chapter 11 cases:

   a. establishing **February 15, 2019 at 5:00 p.m. (Eastern Time)** as the deadline for each person or entity (including individuals, partnerships, corporations, joint ventures, trusts, and governmental units (as defined in section 101(27) of the Bankruptcy Code) ("**Governmental Units**")) to file a proof of claim in respect of a prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including, for the avoidance of doubt, secured claims, unsecured priority claims, unsecured non-priority claims, and claims arising under section 503(b)(9) of the Bankruptcy Code against any of the Debtors (the "**General Bar Date**"), other than Harassment Claims (as defined below);

   b. establishing **February 15, 2019 at 5:00 p.m. (Eastern Time)** (the "**Administrative Claims Bar Date**") as the deadline for each person or entity that asserts a request for payment of administrative claims arising between the Petition Date and December 31, 2018 (the "**Administrative Claims Deadline**"), other than claims for professional fees and expenses in these proceedings (the "**Administrative Claims**"), to file a request for payment of such Administrative Claims;

    c.    establishing the later of (i) the General Bar Date, or (ii) 5:00 p.m. (Eastern Time) on the date that is twenty-one (21) days from the date on which the Debtors provide notice of an amendment or supplement to the Schedules (as defined herein) as the deadline by which claimants holding claims affected by such amendment or supplement must file Proofs of Claim with respect to such claim (the "**Amended Schedules Bar Date**"); and

    d.    establishing the later of (i) the General Bar Date, or (ii) 5:00 p.m. (Eastern Time) on the date that is twenty-one (21) days following service of an order approving rejection of any executory contract or unexpired lease of the Debtors as the deadline by which claimants asserting claims resulting from the Debtors' rejection of an executory contract or unexpired lease must file proofs of claim for damages arising from such rejection (the "**Rejection Damages Bar Date**," and, together with the General Bar Date, the Administrative Claims Bar Date, and the Amended Schedules Bar Date, the "**Bar Dates**")

3.    The (i) Proof of Claim Form, substantially in the form attached hereto as Exhibit 1; (ii) the Administrative Claim Request Form, substantially in the form attached hereto as Exhibit 2; and (iii) the Bar Date Notice, substantially in the form attached hereto as Exhibit 3; and (iv) manner of providing notice of the Bar Dates as described in the Motion are hereby approved.

4.    Except as otherwise set forth herein, the following entities holding claims against the Debtors arising prior to the Petition Date shall be required to file proofs of claim or requests for payment of Administrative Claims arising prior to the Administrative Claim Deadline on or before the applicable Bar Date:

    a.    any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules, or is listed as "contingent," "unliquidated," or "disputed," and if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

    b.    any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

    c.    any entity who believes that any prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the

3

        claim is listed and that desires to have its claim allowed against a Debtor other than the Debtor identified in the Schedules;

    d.    any entity who believes that its claim against a Debtor is or may be an Administrative Claim that arises between the Petition Date and the Administrative Claims Deadline, other than claims for professional fees and expenses in these proceedings; and

    e.    any entity who believes that its claim against a Debtor is or may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

5.    Except as otherwise set forth herein, (i) each person or entity that asserts a claim against the Debtors that arose before the Petition Date shall be required to file a proof of claim, and (ii) each person or entity that asserts an Administrative Claim against the Debtors that arose after the Petition Date and prior to the Administrative Claim Deadline shall be required to file a request for payment of the Administrative Claim. The following procedures with respect to preparing and filing of proofs of claim and of requests for payment of Administrative Claims are hereby established:

    a.    Proofs of claim must substantially conform to the Proof of Claim Form attached as <u>Exhibit 1</u> to the Bar Date Order or Official Bankruptcy Form No. 410;

    b.    Requests for payment of Administrative Claims must substantially conform to the Administrative Claim Request Form attached as <u>Exhibit 2</u> to the Bar Date Order;

    c.    Proofs of claim and requests for payment of Administrative Claims must (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date (using the exchange rate, if applicable, as of the Petition Date); (iii) specify by name and case number the Debtor against which the claim is filed; (iv) set forth with specificity the legal and factual basis for the alleged claim; (v) include supporting documentation for the claim or an explanation as to why such documentation is not available; and (vi) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant under penalty of perjury;

    d.    If a claimant asserts a claim against more than one Debtor or has claims against different Debtors, the claimant must file a separate proof of claim or a request for payment of an Administrative Claim, as applicable, against each Debtor;

e. If a proof of claim or a request for payment of an Administrative Claim lists more than one Debtor, the Debtors shall be authorized to treat such claim as filed only against the first listed Debtor;

f. Any proof of claim or a request for payment of an Administrative Claim filed without identifying a Debtor shall be deemed as filed only against Debtor The Weinstein Company Holdings, LLC;

g. Proofs of claim and requests for payment of Administrative Claims must be filed on or before the applicable Bar Date either (i) electronically through Epiq's website at http://dm.epiq11.com/twc (the "**Electronic Filing System**"), or (ii) physically (a) by first-class mail at The Weinstein Company Holdings, LLC, Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, P.O. Box 4419, Beaverton, Oregon, 97076-4419, or (b) by overnight mail, courier service, hand delivery, or in person at The Weinstein Company Holdings, LLC, Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 10300 SW Allen Boulevard, Beaverton, Oregon, 97005.

h. A proof of claim or request for payment of an Administrative Claim shall be deemed timely filed only if it *actually is received* by Epiq as set forth in subparagraph (g) above, in each case, on or before the Bar Date; and

i. Proofs of claim or request for payment of an Administrative Claim sent by facsimile, telecopy, or electronic mail transmission (other than proofs of claim filed electronically through the Electronic Filing System) *will not* be accepted.

6. Notwithstanding the above, holders of the following claims need not file any proofs of claim or requests for payment of Administrative Claims arising prior to the Administrative Claims Deadline:

a. any person or entity whose claim is listed on the Schedules; *provided that* (i) the claim is not listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) the person or entity does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

b. any person or entity who already has filed a signed proof of claim with Epiq against the respective Debtor with respect to the claim being asserted, utilizing a claim form that substantially conforms to the Proof of Claim Form or Official Bankruptcy Form No. 410;

c. any person or entity who holds a claim that has been allowed by order of the Court entered on or before the applicable Bar Date;

d. any person or entity whose claim has been paid in full;

5

e. any person or entity who holds a claim for which a separate deadline has been fixed by an order of this Court entered on or before the applicable Bar Date;

f. any person or entity who holds an equity interest in the Debtors, which interest exclusively is based upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; *provided that* if any such holder asserts a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a proof of claim or an Administrative Claim, as applicable, must be filed on or before the applicable Bar Date pursuant to the procedures set for the herein;

g. any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

h. any Debtor or non-Debtor subsidiary or affiliate having a claim against another Debtor;

i. any counterparty to a lease of nonresidential real property or executory contract that asserted an Administrative Claim for a cure amount in connection with an objection to the assumption and assignment of a lease or contract by the Debtors; *provided that*, any counterparty that previously asserted an unliquidated cure amount that has become liquidated or that seeks to assert amounts accrued subsequent to the filing of the cure objection must file a proof of claim asserting an Administrative Claim for such additional amount;

j. any person or entity that has an Administrative Claim for professional fees and expenses for which (i)(a) such person or entity has been retained by an express order of the Court pursuant to section 327, 328, 363 or 1103 of the Bankruptcy Code, and (b) such person or entity is seeking compensation for such services through filed monthly fee statements and applications asserted in accordance with the Interim Compensation Order, or through similar reporting mechanisms, or (ii) such person or entity is being compensated pursuant to the such person or entity is being compensated pursuant to the Debtors' debtor in possession financing order [Docket No. 267].

k. any holder of a claim allowable under section 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense that arose after the Administrative Claims Deadline;

l. claims asserting administrative priority pursuant to section 503(b)(3)(D) of the Bankruptcy Code;

m. any fees payable to the U.S. Trustee under 8 U.S.C. § 1930 or accrued interest thereon arising under 31 U.S.C. § 3717;

n. any claims under any federal, state, or local law, ordinance, statute, or regulation which arises out of or relates to any actual or alleged sexual misconduct, nonconsensual interactions, harassment (including sexual harassment), uninvited or unwelcome conduct, predatory conduct,

      inappropriate conduct, degrading conduct, coercive or intimidating behavior, humiliation, tort, hostile work environment, sexual assault, sexual misconduct, rape, intentional infliction of emotional distress, negligent infliction of emotional distress, battery, assault, gender violence, false imprisonment, sexual abuse, negligent hiring, negligent supervision, negligent retention, failure to prevent harassment, discrimination based on sex or gender or any similar or related actions, whether based on intentional or negligent conduct, including but not limited to allegations of failure to prevent or remedy, failure to disclose, or efforts or conspiracy to prevent the disclosure of or cover up, any of the preceding, against Debtors or any of their affiliates or any other independent contractor or any other person who renders services for, or provides goods to, any of the Debtors (collectively, "**Harassment Claims**"); and

  o. a claim for which specific deadlines have been fixed by an order of this Court entered on or before the applicable Bar Date.

7. Within five (5) business days of the entry of this Order, or as soon as practicable thereafter, the Debtors shall serve or cause to be served by first class United States mail, postage prepaid (or equivalent service) (i) a Proof of Claim Form, (iii) an Administrative Claim Request Form, and (iii) the Bar Date Notice on the following parties (the "**Bar Date Package**"):

  a. all known holders of potential claims and their counsel (if known), including all persons and entities listed in the Schedules at the addresses set forth therein as potentially holding claims;

  b. all parties that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date of entry of this Order;

  c. all parties that have filed proofs of claim in these chapter 11 cases as of the date of the entry of this Order;

  d. all known holders of equity securities in the Debtors as of the date of the entry of this Order;

  e. all known parties to executory contracts and unexpired leases with the Debtors, as indicated on the Schedules;

  f. all known parties to litigation with the Debtors;

  g. the District Director of the Internal Revenue Service for the District of Delaware;

    h.    all other known taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

    i.    the United States Attorney for the District of Delaware;

    j.    the Attorneys General for the states of New York and California;

    k.    the Office of the United States Trustee for the District of Delaware; and

    l.    all current employees and all former employees who were employed by the Debtors within the two years prior to the Petition Date.

8.    Notwithstanding anything to the contrary in this Order, neither MUFG Union Bank, N.A. nor UnionBanCal Equities, Inc. shall be required to file any proofs of claim or requests for payment of Administrative Claims arising prior to the Administrative Claims Deadline and neither the General Bar Date nor the Administrative Claims Deadline shall apply to the claims held by MUFG Union Bank, N.A. or UnionBanCal Equities.

9.    <u>The ACE Companies and the Chubb Companies</u>. Notwithstanding anything to the contrary in this Bar Date Order, any provision of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the District of Delaware, any order of this Court, or any proof of claim form or notice of the bar date, (a) ACE American Insurance Company on its own behalf and on behalf of all of its affiliates and successors (collectively, the "**ACE Companies**") may file a single consolidated proof of claim (the "**ACE Proof of Claim**") in the chapter 11 case of The Weinstein Company Holdings LLC, Case No. 18-10601 (the "**Lead Case**") with respect to any insurance policies issued by the ACE Companies to (or providing coverage to) the Debtors and any agreements related thereto (as renewed, amended, modified, endorsed, or supplemented, the "**ACE Insurance Contracts**"), which such ACE Proof of Claim shall be deemed filed by each of the ACE Companies under the applicable ACE Insurance Contracts not only in the Lead Case, but also in the chapter 11 case of each of the Debtors; and

8

(b) Federal Insurance Company on its own behalf and on behalf of all of its affiliates and successors (collectively, the "**Chubb Companies**") may file a single consolidated proof of claim (the "**Chubb Proof of Claim**" and collectively with the ACE Proof of Claim the "**Consolidated Claims**") in the Lead Case with respect to any insurance policies issued by the Chubb Companies to (or providing coverage to) the Debtors and any agreements related thereto (as renewed, amended, modified, endorsed, or supplemented, the "**Chubb Insurance Contracts**"), which shall be deemed filed by each of the Chubb Companies under the applicable Chubb Policies not only in the Lead Case, but also in the chapter 11 case of each of the Debtors. Nothing contained in this paragraph shall be construed as a waiver or modification of any rights, claims or defenses, including, without limitation, the right of the ACE Companies or the Chubb Companies to (a) assert joint and several liability against some or all of the Debtors, (b) modify the Debtor(s) against which the Consolidated Claims are asserted, or (c) amend the amount or nature of the Consolidated Claims; provided, however, that the Consolidated Claims shall not be disallowed, reduced or expunged solely on the basis that the Consolidated Claims are filed (i) only in the Lead Case and only against The Weinstein Company Holdings LLC (instead of in the bankruptcy cases of each or any of the other Debtors), and/or (ii) only by either ACE American Insurance Company or Federal Insurance Company (instead of by each of the ACE Companies and the Chubb Companies). This paragraph is intended solely for the purpose of administrative convenience. Except to the extent expressly agreed herein, this paragraph shall not be deemed to constitute an agreement or admission as to the validity of any claims and shall not affect the substantive rights of any Debtor, the ACE Companies, the Chubb Companies, or any other party in interest with respect to the allowance, amount, or priority of any of the ACE Companies' or the Chubb Companies' claims, or with respect to any objection, defense, offset, or counterclaim relating to the ACE Companies' or the Chubb Companies' claims. Nothing herein alters the

ACE Companies', the Chubb Companies', or the Debtors' rights and obligations under the ACE Insurance Contracts or the Chubb Insurance Contracts or modifies the coverage provided thereunder.

10. In accordance with Bankruptcy Rule 2002(a)(7), service of the Bar Date Package in the manner set forth in this Order is and shall be deemed to be good and sufficient notice of the Bar Dates to all known claimants.

11. The Debtors shall provide notice of the Bar Dates by causing a copy of the Publication Notice to be published in the national edition of *The Wall Street Journal* at least twenty-one (21) days prior to the General Bar Date and Administrative Claims Bar Date. In addition, the Debtors, in their discretion, may publish the Publication Notice in trade periodicals such as *Variety* and *Hollywood Reporter.*

12. Pursuant to Bankruptcy Rule 3003(c)(2), any person or entity that is required to file a timely proof of claim or request for payment of Administrative Claim in these chapter 11 cases pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against the Debtors, but that fails to do so properly by the applicable Bar Date, shall not, with respect to such claim, be treated as a creditor of the Debtors for the purposes of voting upon, or receiving distributions under, any plan in the chapter 11 cases.

13. The Debtors rights to seek an order from the Court establishing a bar date with respect to Harassment Claims are hereby reserved.

14. The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

15. Nothing contained herein shall constitute a waiver by the Debtors of (a) any defenses in connection with any claims that are asserted against the Debtors, or (b) the right to assert that any claims are barred by applicable statutes of limitations.

16. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**Dated: December 27th, 2018**
**Wilmington, Delaware**

11

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**

RLF1 20478326v.2